R. W. AGNEW, Appellant,

v.

CITY OF COMPTON, a municipal corporation; H. R. Lindemulder; and Frank Sprague, Appellees.

No. 15074.

United States Court of Appeals Ninth Circuit.

Dec. 17, 1956.

Rehearing Denied Jan. 24, 1957.

R. W. Agnew, in pro. per.

James G. Butler, City Atty., H. H. Hegner, Jr., Asst. City Atty., Compton, Cal., for appellees City of Compton and Frank Sprague.

Reed & Kirtland, F. O. Reed, Robert C. Packard and Henry E. Kappler, Los Angeles, Cal., for appellee H. R. Lindemulder.

Before DENMAN, Chief Judge, and BARNES and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Relying principally upon the Federal Civil Rights Act, 42 U.S.C.A. § 1981 et seq., R. W. Agnew instituted this action for damages, and for injunctive and declaratory relief. The City of Compton, California, its electrical inspector, and two of its police officers, were named defendants.

After the complaint was filed, defendants moved to dismiss the action for lack of jurisdiction and failure to state a cause of action. The motions were granted, and judgment was entered for defendants. Plaintiff appeals. The only question before us is whether the well-pleaded facts establish jurisdiction and state a cause of action.

It is alleged in the complaint that, acting without a warrant, the two police officers entered Agnew's premises, arrested him, seized some of his property, and transported him to jail in a police vehicle. When arrested, Agnew was peaceably conducting an auction of his own property as an isolated transaction. At the jail, he was charged with engaging in the business of auctioneering without a city permit. He was also charged with engaging in the business of electrical contracting without a city license.

Agnew was then subjected to the usual routine of photographing and fingerprinting, after which he was released on two-hundred-dollar bail. Two days later, the charges were dismissed by the Compton municipal court. The electrical inspector, however, still refuses to issue electrical permits to Agnew for installations in Compton, unless he first secures a city electrical contracting license. The city and the inspector also threaten to arrest Agnew if he engages in that business in Compton without such license.

It is alleged that the acts complained of were committed wrongfully, maliciously, and while acting under color of the police power of the city. It is further alleged that these acts were committed as a part of a conspiracy among appellees to deprive appellant of numerous federal

rights secured by the Constitution and federal statutes.[1]

Actual damages in the sum of $34,530, and exemplary and punitive damages in the sum of $25,000 are claimed. An injunction is sought to restrain enforcement, as against Agnew, of the ordinance requiring an electrical contracting license, it being alleged that irreparable damage will otherwise ensue. A request is made for a three-judge court. Finally, Agnew asks that the judgment contain a declaration that the electrical contracting ordinance, as applied to him, is unconstitutional.

Diversity of citizenship not being claimed, appellant does not assert jurisdiction under 28 U.S.C.A. § 1332. Instead, he invokes for this purpose 28 U.S. C.A. §§ 1331 and 1343.[2]

■■ A complaint which is so drawn as to seek recovery, under the Constitution or laws of the United States, of more than three thousand dollars establishes (with two possible exceptions noted in the margin) district court jurisdiction under 28 U.S.C.A. § 1331.[3] A complaint which is so drawn as to seek redress for any wrong specified in 28 U.S.C.A. § 1343 establishes, with possibly the same exceptions, district court jurisdiction under the latter statute, regardless of the amount in controversy. With respect to neither statute is it necessary to allege diversity of citizenship.

It is possible that one or the other of the noted exceptions is applicable here. We prefer to assume, for present purposes, however, that neither of them applies, and that the allegations of the complaint adequately invoke jurisdiction.

This brings us at once to the question of whether the complaint states a cause of action. It does so only if, under the facts alleged, there has been a deprivation of some right accorded appellant under one or more of the statutory and constitutional provisions on which he relies.[4] We will discuss these provisions seriatim.

1. Among these, according to the complaint, are the following rights: To sell personal property, liberty of contract, equal protection of the law, due process of law, to work and earn a living, to live where one wills, personal liberty, peace and quiet, freedom of movement, privacy, free speech.

2. 28 U.S.C.A. § 1331:
"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

28 U.S.C.A. § 1343:
"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
"(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

3. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383. The court there said, 327 U.S. at page 682, 66 S.Ct. at page 776:

"* * * The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. The accuracy of calling these dismissals jurisdictional has been questioned. The Fair v. Kohler Die Co., supra, 228 U.S. [22] at page 25, 33 S.Ct. [410] 411, 57 L.Ed. 716. But cf. Swafford v. Templeton, supra [185 U.S. 487, 22 S.Ct. 783, 46 L.Ed. 1005]."

4. Appellant relies upon the following sources as establishing the substantive rights which he alleges have been in-

■ Appellant first points to 18 U.S. C.A. §§ 241 and 242. As these are criminal statutes, however, they provide no basis for this civil suit.

■ The statutes next referred to are 42 U.S.C.A. §§ 1981 and 1982.[5] These are the first two sections of the Civil Rights Act, as now codified. The plain purpose of these statutes is to provide for equality of rights as between persons of different races.[6] The complaint under review does not allege that appellant was deprived of any right which, under similar circumstances, would have been accorded a person of a different race. It follows that no cause of action is stated under these sections.

■ We must next consider 42 U.S. C.A. § 1983.[7] There is a line of cases holding that this section authorizes an action only for deprivation of due process but not for denial of equal protection.[8] However, we are unable to read such a limitation into this statute, since it refers, broadly, to the deprivation "of any rights, privileges, or immunities secured by the Constitution and laws * * *." In our view, this statute is not limited to due process violations. See Hague v. C. I. O., 307 U.S. 496, 526, 59 S.Ct. 954, 83 L.Ed. 1423.

Our task, then, is to determine whether any of the specific wrongs alleged to have been suffered by appellant deprived him of any of his rights, privileges, or immunities secured by the Constitution and federal laws. If so, 42 U.S.C.A. § 1983 has been properly invoked, and a cause of action has been stated.

For purposes of discussion, we consider first those alleged wrongs having to do with appellant's arrest on the auctioneering charge, his transportation to jail, entering-prisoner routine, release on bail, and dismissal of the charges.

■ The city, along with the individual appellees is charged with these wrongs. A city, acting in its sovereign, as distinguished from its proprietary, capacity, however, cannot be held liable for such wrongs.[9]

---

vaded: 18 U.S.C.A. §§ 241, 242; 42 U.S. C.A. §§ 1981, 1982, 1983, 1985(2, 3), 1986, 1988; 4th, 5th, and 14th Amendments.

5. 42 U.S.C.A. § 1981:
"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."
42 U.S.C.A. § 1982:
"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

6. Hague v. C. I. O., 307 U.S. 496, 509, 59 S.Ct. 954, 83 L.Ed. 1423; Snowden v. Hughes, 321 U.S. 1, 5, 64 S.Ct. 397, 88 L.Ed. 497, rehearing denied 321 U.S. 804, 64 S.Ct. 778, 88 L.Ed. 1090.

7. 42 U.S.C.A. § 1983:
"Every person who, under color of any

statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

8. See Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 706, certiorari denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101; McShane v. Moldovan, 6 Cir., 172 F.2d 1016, 1018; Ortega v. Ragen, 7 Cir., 216 F.2d 561, certiorari denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268. These decisions state no reason for the conclusion reached, other than to cite previous cases, none of which (except those noted above) seem in point.

9. Charlton v. City of Hialeah, 5 Cir., 188 F.2d 421; Hewitt v. City of Jacksonville, 5 Cir., 188 F.2d 423, certiorari denied, 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631; Cobb v. City of Malden, 1 Cir., 202 F.2d 701.

With respect to the individual appellees, it is charged, in effect, that appellant was arrested without a warrant, and without probable cause; that the arrest was spiteful, malicious, wrongful, and oppressive; and that it was for the purpose of denying plaintiff his rights, privileges and immunities under the Constitution.

We learn from appellant's brief that he considers the arrest without a warrant wrongful, and without probable cause, because he was assertedly arrested for a misdemeanor not committed in the presence of the arresting officers. The misdemeanor with which he was charged was engaging in the business of auctioneering without a permit. Appellant contends that he did not commit such a misdemeanor in the presence of the arresting officers, or otherwise, since the auctioning of goods on his own premises as an isolated transaction is not covered by the licensing ordinance.

 Were this the extent of the allegations, it would appear that, at most, appellant's arrest was wrongful because the arresting officers misunderstood the ordinance. This would not amount to a deprivation of basic civil rights. No one has a constitutional right to be free from a law officer's honest misunderstanding of the law or facts in making an arrest.

██ Here, however, it is alleged that the arrest was spiteful, malicious, wrongful, and oppressive. This precludes the assumption that the officers proceeded under an honest misunderstanding of the ordinance. With these additional allegations, it would appear that the complaint states a common-law action for false arrest and imprisonment. It does not, however, state a cause of action under the Civil Rights Act, absent allegations that the purpose of the arrest was to discriminate between persons or classes of persons.[10] Were the rule otherwise, every common-law action for false arrest would be cognizable in the federal courts under the Civil Rights Act.

But there is also to be considered the further allegation that such arrest was made for the purpose of denying plaintiff his rights, privileges, and immunities under the Constitution.

██ General allegations of this kind, when unsupported by the complaint, read as a whole, have consistently been rejected as insufficient.[11] The complaint under examination, considered as a whole, does not support these general allegations. Indeed, the facts alleged belie such a conclusion. The purpose of the arrest was to enforce a valid ordinance. The means employed were reasonable. No violence or unusual indignity resulted. There were no overtones of discrimination. Due process was accorded in the prompt filing of charges and release on bail. The charges were dropped without occasioning appellant additional personal inconvenience.

In what is said above, we do not mean to hold that a cause of action may never be stated where false arrest and imprisonment are involved. As before indicated, such a cause of action may be stated where it is alleged that the arrest was for the purpose of discriminating between persons or classes of persons.[12] There is here no such allegation.

Such a complaint has also been held sufficient where it was alleged that the trial was fraudulently conducted. McShane v. Moldovan, 6 Cir., 172 F.2d 1016.

10. Snowden v. Hughes, supra.

11. McGuire v. Todd, 5 Cir., 198 F.2d 60, certiorari denied, 344 U.S. 835, 73 S.Ct. 44, 97 L.Ed. 649, 650; Yglesias v. Gulfstream Park Racing Ass'n, 5 Cir., 201 F.2d 817, certiorari denied, 345 U.S. 993, 73 S.Ct. 1132, 97 L.Ed. 1400; Ortega v. Ragen, supra; Dunn v. Gazzola, 1 Cir., 216 F.2d 709. Moreover, opprobrious conclusions, such as were here pleaded, to the effect that the arrest was, on the part of the defendants, "spiteful, malicious, wrongful, oppressive, * * *" added nothing to the general allegations under discussion. Snowden v. Hughes, supra.

12. Snowden v. Hughes, supra. See, also, Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242, certiorari denied, 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618, rehearing denied, 342 U.S. 879, 72 S.Ct. 163, 96 L. Ed. 661.

A like result has been reached where there were allegations as to unnecessary violence, refusal to permit the arrested person to consult an attorney, refusal to inform of the charge, and personal indignities. Davis v. Turner, 5 Cir., 197 F.2d 847.[13] No such showing is made in this complaint.

We therefore conclude that, with respect to the wrongs just discussed, no cause of action is stated under 42 U.S.C.A. § 1983.

■■■ Appellant alleges that he was wrongfully charged with engaging in the business of electrical contracting without a city license. He also alleges that, because of his refusal to obtain such city license, he has been denied electrical permits essential to his business, and has been threatened with arrest. According to the complaint, this city licensing ordinance is invalid as to him, since his state electrical contracting license entitles him to engage in this business without city consent.

For the reasons indicated above, the city cannot be held liable for such wrongs.

There is no contention that the city licensing ordinance is intrinsically unconstitutional, but only that it may not be applied to one who holds a state license. This would seem to be a state, and not a federal, question.

Appellant argues, however, that under the state license, he has a property right —the right to engage in the business of electrical contracting anywhere in the state—and that the city is depriving him of this right.

Whether appellant has such a property right by virtue of his state license would also seem to be a state, and not a federal, question. But assuming that he has such a property right, the interference here alleged does not, in our view, constitute a deprivation of any right under the Constitution and federal statutes. City officials acted pursuant to established and reasonable administrative and judicial procedures. Through these proceedings, or by independent action in state courts, appellant can obtain a judicial determination of his rights. He does not contend otherwise, nor does he allege any circumstance of fraudulent action or discrimination.

We hold that, as to the asserted wrongs just discussed, no cause of action has been stated under 42 U.S.C.A. § 1983.

This brings us to 42 U.S.C.A. § 1985(2) and (3), portions of which are relied upon by appellant.[14]

The quoted portion of 42 U.S.C.A. § 1985(2) defines one of the conspiracies which may become the basis of liability under § 1985. The quoted portion of 42 U.S.C.A. § 1985(3) refers generally to the conspiracies defined in § 1985, and defines the overt acts necessary to consum-

13. In the widely-cited case of Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, rehearing denied, 3 Cir., 152 F.2d 753, certiorari denied, 332 U.S. 776, 68 S.Ct. 38, 92 L.Ed. 361, rehearing denied, 332 U.S. 821, 68 S.Ct. 143, 92 L.Ed. 397, the cause of action pertaining to false arrest was based upon diversity of citizenship and not asserted violations of the Civil Rights Act. See 151 F.2d at page 252.

14. The portions of 42 U.S.C.A. § 1985(2) and (3), on which appellant relies, read as follows:

"(2) * * * if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

"(3) * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

mate the conspiracy as an actionable wrong.[15]

■ The complaint broadly charges all appellees with conspiracy under this statute. Since the city, acting in its sovereign capacity, could not be a conspirator, it cannot be held liable on these conspiracy charges.[16]

■ With respect to the remaining alleged conspirators, it is at once evident that the particular conspiracy defined in the quoted portion of 42 U.S.C.A. § 1985 (2) has no application here. The conspiracy there defined is the interference with "the due course of justice." [17] No facts are alleged to the effect that appellees conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice. According to the complaint, the due course of justice following appellant's arrest ran smoothly, swiftly, without unusual incident, and with a result favorable to appellant. Nor are any facts alleged to the effect that, in connection with the electrical contracting matter, appellees conspired to interfere with the due course of justice.

The portion of 42 U.S.C.A. § 1985(3) on which appellant relies, as set out in the margin, has application only with regard to conspiracies "set forth in this section." The conspiracies set forth in that section relate to interferences with the holding of public office and the performance of the duties thereof, subsection (1); interferences with the due course of justice, subsection (2); and deprivation of the equal protection of the laws, or of equal privileges and immunities under the law, hindering constituted authorities in affording equal protection, or interference with federal elections, subsection (3).[18]

There are no facts pleaded, other than bare generalities, which give application to any of these provisions. It is broadly asserted, in effect, that appellant was denied the equal protection of the law, and equal privileges and immunities under the law. Again we must say, however, that the pleaded facts belie this conclusion. In so far as can be ascertained from the complaint, appellant was accorded every right and privilege which any other person would have been accorded under the same circumstances.

We therefore hold that the complaint fails to state a cause of action arising under 42 U.S.C.A. § 1985(2) and (3).

The remaining statutory provisions on which appellant relies are 42 U.S.C.A. §§ 1986 and 1988. Section 1986 relates to the failure to prevent, or failure to aid in preventing, any of the wrongs mentioned in 42 U.S.C.A. § 1985.[19] We have already determined that none of the wrongs mentioned in § 1985 have been alleged in this complaint. Section 1988 provides for additional remedies to redress wrongs specified in the other statutes to which reference has been made. It does not add to the list of wrongs defined in those statutes.

It is not necessary to separately discuss the Fourth, Fifth, and Fourteenth Amendments, also invoked by appellant. All of his constitutional rights have been considered in connection with our review of the federal statutes we have been discussing.

■ The Declaratory Judgments Act, 28 U.S.C.A. § 2201 et seq., has not been properly invoked, for, as we have seen, no federal question is presented.

It is our conclusion that the complaint does not state a cause of action.

Affirmed

15. Collins v. Hardyman, 341 U.S. 651, 659, 71 S.Ct. 937, 95 L.Ed. 1253.

16. Footnote 9, supra.

17. See Gregoire v. Biddle, 2 Cir., 177 F. ■

2d 579, certiorari denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363.

18. Collins v. Hardyman, supra; Lewis v. Brautigam, 5 Cir., 227 F.2d 124.

19. Gregoire v. Biddle, supra.