The People of the State of Illinois, Plaintiff-Appellant, v. Carl T. Lewerenz, Defendant-Appellee.
Orlando W. Wilson, Superintendent of Police of the City of Chicago, Appellant. Frank G. Sain, Sheriff of Cook County, Appellant.

Gen. Nos. 49,011, 49,012.

First District, Second Division.

May 29, 1963.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis and James R. Thompson, Assistant State's Attorneys, of counsel), for the Sheriff of Cook County and the People of Illinois, appellants; John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Robert J. Collins, Assistant Corporation Counsel, of counsel), for Orlando W. Wilson, appellant.

Harry J. Busch, of Chicago (Jacob Shamberg and Angelo Ruggiero, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Four indictments were returned against Carl T. Lewerenz in the Criminal Court of Cook County, two charging the unlawful sale of narcotics and two charging conspiracy to sell narcotic drugs. The defendant prosecuted a Writ of Error in the Supreme Court to reverse his conviction in the four indictments. The People confessed error in the indictments charging conspiracy. The Supreme Court reversed the judgments and remanded the case in the indictments charg-

ing the sale of narcotics. The People v. Lewerenz, 24 Ill2d 295, 181 NE2d 99. Upon re-trial, the defendant was acquitted. Thereafter he filed a petition in the Criminal Court praying for the return to him of all photographs, fingerprints and records of identification of him taken at the time of his arrest and thereafter. Notice of the petition was served only on the State's Attorney of Cook County. The court entered an order directing the Superintendent of Police of Chicago, the Sheriff of Cook County and the Department of Public Safety of the State of Illinois to forthwith "return" to defendant all photographs, fingerprints and other records of identification taken of the defendant at the time of his arrest and subsequent thereto in connection with the charges in the indictments. The People and the Sheriff appeal. The Superintendent of Police of the City of Chicago prosecutes a separate appeal.

■ ■ The defendant in his petition relies upon the provisions of Chap 38, § 780(e), Ill Rev Stats 1961, for the "return" of photographs, fingerprints and other records of identification of him taken at the time of his arrest and subsequent thereto. This statute pertains to the Department of Public Safety of Illinois alone and not to the Superintendent or Chief of Police of a municipality, or to a Sheriff. It is intended to govern the Department of Public Safety in its activities. The applicable provisions of the statute are directed to the Department. The authority of the Superintendent of Police or the Sheriff to take photographs, fingerprints and other records of identification is not derived from the statute applicable to the Department of Public Safety. We adhere to the views expressed in Kolb v. O'Connor, 14 Ill App2d 81, 142 NE2d 818, that the Criminal Investigation Act is applicable only to the Department of Public Safety. In the Kolb case we said, (91): "The rights of the individual must be subordinate to the safety of the public. The question

involved here is one of public policy. The legislature has not indicated what the public policy of the State should be. Without a specific mandate of the legislature ordering the return to an arrested person of all records of identification held by sheriffs or police departments we are constrained to hold that such departments may retain in their files records of identification such as were here taken, for the purpose of such limited exhibition as is here involved."

■ The trial court acquired no jurisdiction over the Superintendent of Police, who is the Chief Executive Officer of the Chicago Police Department. The notice to the State's Attorney did not confer jurisdiction to enter a valid order against the Superintendent. The State's Attorney does not represent the Superintendent. The Corporation Counsel is the attorney for the Superintendent. The judgment order as to the Superintendent is a nullity.

■ We agree with the position of the Superintendent of Police that the Criminal Court of Cook County has no jurisdiction to order the return of photographs, fingerprints and other means of identification. In Maxwell v. O'Connor, 1 Ill App2d 124, 117 NE 2d 326, we said that the right the plaintiff therein sought to enforce has been adjudged by the courts as being in the nature of right of privacy. We said that the character of relief sought involves a civil right and that there is no basis for assumption of jurisdiction by the criminal court.

For these reasons the order is reversed.

Order reversed.

BRYANT, PJ and FRIEND, J, concur.