**Austin HERSCHEL, Plaintiff-Appellant,**
v.
**Frank J. DYRA and Orlando W. Wilson,
Defendants-Appellees.**
**No. 15325.**

United States Court of Appeals
Seventh Circuit.
July 18, 1966.

Certiorari Denied Dec. 5, 1966.
See 87 S.Ct. 513.

John M. Bowlus, Chicago, Ill., for appellant.

Raymond F. Simon, Marvin E. Aspen, Corp. Counsel of City of Chicago, Chicago, Ill., for appellees, Sydney R. Drebin, Asst. Corp. Counsel, of counsel.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from a District Court order granting defendants' motions to strike the plaintiff's complaint

and to dismiss this cause of action upon the ground that the complaint failed to state a claim upon which relief could be granted.

On January 1, 1964, plaintiff-appellant was arrested by the defendant Patrick J. Dyra for allegedly violating a City of Chicago ordinance prohibiting the distribution of advertising matter of any kind in a public way or place.

Section 36–28, Municipal Code of Chicago, reads as follows:

"It shall be unlawful for any person to distribute advertising matter of any kind on any public way or public place of the city otherwise than from hand to hand, without tossing or throwing, or to distribute, hand out or scatter on any public way any handbills or dodgers of a size four and one-half inches by six inches or larger, or any other loose sheets of advertising matter which would litter the public ways if allowed to drop thereon; provided that such handbills, dodgers, or loose sheets, if enclosed in envelopes or folded or otherwise handed out in such manner as to avoid the likelihood of falling while being passed out, may be distributed from hand to hand if not tossed or thrown."

The complaint alleges that on the day of plaintiff's arrest, defendant Dyra was an officer of the Chicago Police Department on traffic duty at the intersection of State and Superior Streets in Chicago. Having noticed plaintiff distributing some kind of printed material or papers, officer Dyra requested a copy from plaintiff, and after having examined it, told plaintiff that he thought its distribution was illegal. Plaintiff responded by saying that he considered his actions to be legal.

Approximately fifteen minutes after this conversation, plaintiff got into his automobile and started to leave the scene. His automobile was immediately curbed by three police cars, and plaintiff was placed under arrest without a warrant by defendant Dyra.

The complaint further alleges that the officers then took plaintiff to the Chicago Avenue police station where he was booked and formally charged with violation of the handbill anti-litter ordinance. The complaint also alleges plaintiff was denied the right to call an attorney until one hour and fifteen minutes from the time he was taken to the station. It seems to be agreed that after slightly more than an hour at the station, plaintiff was released upon posting a cash bond.

On January 13, 1964, the complaint against plaintiff under the anti-litter ordinance came on for hearing in the Municipal Department of the Circuit Court of Cook County. The cause was non-suited on the City of Chicago's motion.

The material which plaintiff had been distributing just prior to his arrest consisted of copies of an allegedly unanswered letter which he had written the Cardinal Archbishop of Chicago. The letter was critical of the stand of the Cardinal and other members of the Catholic Clergy on certain public issues. Among other things, plaintiff referred to the Legion of Decency pledge in the Catholic Church, and urged a racial brotherhood or non-discrimination pledge under the same circumstances.

According to the reproduction in the appendix, the letter which plaintiff was passing out was quite lengthy, containing approximately one thousand words. It was not claimed that material distributed by plaintiff came within the exceptions stated in the ordinance as to material folded or enclosed in envelopes.

In Count 1 of the complaint herein, plaintiff seeks $125,000 in damages from defendant Dyra. He claims to be entitled to damages because he was deprived of rights, privileges and immunities secured by the Constitution of the United States, and particularly the First, Sixth and Fourteenth Amendments thereof. He asserts Dyra was acting under color of state law. Jurisdiction is claimed under Title 42 U.S.Code, § 1983 and 28 U.S.Code § 1343(3) and (4).

In Count II, plaintiff requests the Court to order Orlando W. Wilson, Superintendent of the Chicago Police Department, to expunge all records in control of the Department pertaining to plaintiff's January 1, 1964 arrest. Plaintiff seeks further an order from the Court declaring that plaintiff's arrest was void ab initio.

As to Count I, defendant Dyra argues that even assuming plaintiff did not violate the handbill anti-litter ordinance in handing out copies of his letter, and that his arrest was therefore erroneous, the bare allegation of a single false arrest is, in itself, an insufficient basis to show a violation of 42 U.S.C. § 1983.[1]

Although it is pointed out that plaintiff's complaint does not allege that Dyra acted with malice, spite, vindictiveness or with an intent to deprive plaintiff of any civil right, it is clear that plaintiff's complaint does allege more than a simple innocent false arrest.

Plaintiff charges that the police officers, including defendant Dyra, were acting under color of state law at the time of his arrest; that the distribution of his letter was a right secured to him under the First Amendment to the United States Constitution; that prior to arrest, the letter was shown to defendant Dyra and to the other officers; that there were in effect at the time of arrest, opinions of the corporation counsel of the City of Chicago informing the Chicago police that the anti-litter handbill ordinance did not cover pamphlets expressing purely political, social, religious or economic views; that plaintiff was denied, for a time, the right to call an attorney and that he was forced to make a court appearance after his arrest. The plaintiff then alleges a variety of damages which he claims to have suffered.

In Smith v. Cremins, 9 Cir., 308 F.2d 187, 98 A.L.R.2d 1154 (1962), the complaint charged that plaintiff had gone to the Los Angeles airport to distribute a religious tract, and while on a public sidewalk he was seized by police officers who took the tracts from him, destroying some and keeping others. Plaintiff was detained for only ten minutes. He was not arrested and no charges were filed against him. In reversing a dismissal of the complaint, the Ninth Circuit stated:

"Since it is not disputed that appellees acted 'under color of State law,' the municipal ordinances and code section upon which appellees rely are irrelevant. If appellees' conduct deprived appellant of federal constitutional rights, it would be no defense that the conduct was authorized by municipal enactments. Section 1983 by its express terms imposes liability upon 'every person who, under color of any statute, ordinance' or other state law deprives another of his federal civil rights."

It is clear that the allegations set forth in plaintiff's complaint exceeded those which the Ninth Circuit in Smith found sufficient to state a claim under 42 U.S.C. § 1983.

Defendant Dyra relies heavily on an earlier Ninth Circuit case, Agnew v. City of Compton, 239 F.2d 226 (1956). There, Agnew had been erroneously arrested for violating a municipal ordinance which required a permit to engage in auctioneering. The Court, in dismissing the complaint, brought under 42 U.S.C. § 1983, stated in dictum that "No one has a constitutional right to be free from a law officer's honest misunderstanding of the law or facts in making an arrest."

However, defendant Dyra's reliance on Agnew is not well taken. The case was decided prior to the lead case in this area, Monroe v. Pape, 365 U.S. 167, 81

---

1. 42 U.S.C. § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

S.Ct. 473, 5 L.Ed.2d 492. *Agnew's* principal holding that an allegation of a purpose to discriminate or a purpose to deprive one of any federal rights is essential to the statement of a claim under § 1983 was overruled in Cohen v. Norris, 9 Cir., 300 F.2d 24. Finally, Smith v. Cremins, supra, decided subsequent to *Agnew* by the same Circuit on facts quite similar to those before us, clearly supports plaintiff's position herein.

■ There is no question that defendant Dyra was acting under color of state law when he arrested the plaintiff. Similarly, there is no dispute that plaintiff had been exercising a First Amendment right to pamphleteer immediately before being arrested, for the liberty of the press embraces pamphlets and leaflets. Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949.

■ Having examined the circumstances of plaintiff's arrest as set forth in his complaint and heeding the Supreme Court's advice in Monroe v. Pape, supra, that § 1983 "should he read against the background of tort liability that makes a man responsible for the natural consequences of his actions," we hold that the complaint set forth a claim against defendant Dyra under 42 U.S.C. § 1983, and that the District Court erred in ordering its dismissal.

Count II of the complaint alleges defendant Orlando W. Wilson is the Superintendent of the Chicago Police Department, and that he supervises the care, custody and control of all the police records in his Department. Plaintiff further alleges that his arrest was without a warrant and without probable cause, and asserts that Wilson's refusal to expunge his arrest record violates his rights of privacy.

As stated below, plaintiff asks for a judgment directing defendant Wilson to expunge and annul all records under his care, custody and control in the Chicago Police Department which pertain to his arrest on January 1, 1964, and declare the arrest void ab initio.

■ Illinois courts have held that absent express legislative authority to the contrary, the superintendent of police may retain all arrest records in the official files of the Chicago Police Department regardless of whether the accused has been acquitted, discharged or otherwise released from the charges brought against him. Kolb v. O'Connor, 14 Ill. App.2d 81, 142 N.E.2d 818 (1957); People v. Lewerenz, 42 Ill.App.2d 410, 192 N.E.2d 401 (1963).

Many cases are cited in defendant Wilson's brief showing that authorities throughout the country have held that the retention of finger prints and other arrest records by the police even after discharge, does not violate any constitutional "right of privacy" of the accused.

Apparently neither finger prints nor photographs were taken of plaintiff. His complaint is that there exists in the files of the Chicago Police Department a record of his arrest.

■ We think that under the obligations which the Chicago Police Department has in maintaining the public safety and welfare in Chicago, the Superintendent of Police is justified and, indeed, duty-bound to compile and retain arrest records of all persons arrested, and that the execution of that policy does not violate plaintiff's right of privacy.

We hold that the District Court was correct in dismissing the complaint insofar as it pertains to Count II.

Having found Count I of the complaint states a claim on which relief may be granted, the order of the District Court will be reversed insofar as it dismissed the complaint which pertains to Count I.

The case will be remanded to the District Court with directions that defendant, Patrick J. Dyra, be permitted to answer the complaint as amended, and that an order be entered dismissing the complaint as to Orlando W. Wilson.

Reversed in part, and affirmed in part.

KNOCH, Circuit Judge (dissenting).

It seems to me that we are unduly extending Monroe v. Pape when we hold that an arresting officer's honest misunderstanding of the law (however stupid such misunderstanding may appear to us) in the absence of allegations of malice, spite, vindictiveness or intent to deprive the plaintiff of any civil right, may, nevertheless, be the basis for a suit to recover damages under 42 U.S.C. § 1983.

I would affirm the judgment of the District Court with respect to both counts.