**Village of Homewood, a Municipal Corporation, Plaintiff-Appellant, and Melvin K. Meyer, Chief of Police of the Village of Homewood, Appellant, v. William E. Dauber, Defendant-Appellee.**

Gen. No. M–51,600.

First District, First Division.

June 30, 1967.

Richard W. Austin, Stanley A. Walton, III, and Walter D. Cummings, of Chicago (Winston, Strawn, Smith & Patterson, of counsel), for appellants.

No brief filed for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant was found guilty and fined for a Village traffic violation. The trial court then ordered the Chief of Police of the Village of Homewood to return to defendant his fingerprints and photographs, which were taken at time of arrest. The Village of Homewood and the Chief of Police appeal. Defendant has filed no brief.

The appellants' contentions and authorities cited in support include: (1) fingerprinting and photographing arrested persons is a vital and necessary element of mod-

ern law enforcement (United States v. Kelly, 55 F2d 67 (1932) ; Kolb v. O'Connor, 14 Ill App2d 81, 142 NE2d 818 (1957)) ; (2) there is no Illinois statutory provision which bars police acquisition of fingerprints or photographs in traffic violation cases (Kolb v. O'Connor, 14 Ill App2d 81, 142 NE2d 818; People v. Lewerenz, 42 Ill App 2d 410, 192 NE2d 401 (1963)) ; and (3) fingerprinting and photographing does not violate any constitutional right (Poyer v. Boustead, 3 Ill App2d 562, 122 NE2d 838 (1954) ; Schmerber v. California, 384 US 757 (1966)).

Although defendant was convicted of a misdemeanor, we are not persuaded that this classification of the offense is determinative of the issue presented. We believe the guidelines set forth in Kolb v. O'Connor, 14 Ill App2d 81, 142 NE2d 818, apply here. There the court concluded (p 91) :

> "The rights of the individual must be subordinate to the safety of the public. The question involved here is one of public policy. The legislature has not indicated what the public policy of the State should be. Without a specific mandate of the legislature ordering the return to an arrested person of all records of identification held by sheriffs or police departments we are constrained to hold that such departments may retain in their files records of identification such as were here taken, for the purpose of such limited exhibition as is here involved."

For the reasons given, the order of the trial court to return to defendant his fingerprints and photographs is reversed.

Reversed.

BURMAN and ADESKO, JJ., concur.