Moses **DAVIS, Jr.,** et al., **Plaintiffs,**

v.

James **HOWARD** et al., **Defendants.**

Civ. A. No. C75–1324A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 30, 1975.

Tom Carter, Atlanta, Ga., Robert J. Connerton, Jules Bernstein (Ms.) Phillis Payne, Washington, D. C., for plaintiffs.

Henry L. Bowden, Atlanta, Ga., for Chas. Davis.

David W. Crosland, Atlanta, Ga., for Int. AFSCME and Local 1644 AFSCME.

Zwerdling, Maurer, Diggs & Papp, A. L. Zwerdling, Gen. Counsel, AFSCME, Washington, D. C., for defendants.

## ORDER

EDENFIELD, Chief Judge.

Plaintiffs in this action for damages and injunctive relief are the Laborers International Union of North America, AFL–CIO, and CLC (hereafter LIU), and six named individuals who allege that they are employees of the City of Atlanta along with approximately twenty-five hundred other city employees who are employed in a unit comprised of seven particular city bureaus or departments. Plaintiffs allege that they are bringing this action on behalf of themselves and a class consisting of certain members of the above-described employee unit (hereafter UNIT). The complaint alleges that plaintiffs' first and fourteenth amendment rights have been violated by the defendant City of Atlanta and various named city officials and bodies, and by defendant American Federation of State, County and Municipal Employees (hereafter AFSCME) and its local union and officers. The action is claimed to arise under 42 U.S.C. §§ 1981, 1983, and 1985(3); jurisdiction is allegedly vested in this court pursuant to 28 U.S.C. §§ 1331 and 1343.

The complaint sets forth four counts. The first alleges violation of plaintiffs' constitutional rights through the City's "denial of the established practice and right" of a majority of its UNIT employees to be represented in employment grievances by "their own designated employee organization, plaintiff LIU." Plaintiffs contend that the City has discriminatorily permitted a minority of the relevant employee group to effect representation by AFSCME. Count II complains that the City has denied an alleged majority of the UNIT employees who have designated LIU as their representative the City's membership dues checkoff procedures, while allowing the use of those procedures to an alleged minority of the employees for the benefit of AFSCME. Count III alleges that the acts of defendants (including denial of use of city facilities for LIU meetings) constitute violations of federal and Georgia law, and Count IV seeks damages against those defendants which are not governmental subdivisions and departments.

Protective orders were sought by both City and union defendants, and the court verbally granted the motions therefor on September 16, 1975, to the extent that they sought to halt discovery scheduled for the week of September 15, 1975, and thereafter. The court is now prepared to rule on motions to dismiss filed by all the defendants.

Addressing first the motion to dismiss filed by the City of Atlanta and city-related defendants, said defendants object that the complaint is "verbose, confused, and redundant . . . [and] fails to include 'a short and plain statement of the claim showing that the pleader is entitled to relief. . . .' Federal Rules of Civil Procedure 8(a)(2)." While the complaint might well have been more compactly presented, this court is unable to say that it fails to put defendants on notice of plaintiff's claims, theories, and prayers for relief. Accordingly, the city defendants' motion to dismiss for failure to comply with Rule 8(a)(2) is denied.[1]

The motion to dismiss filed by AFSCME, its local, and local officers is decidedly more meritorious. This motion is based on two contentions: (1) the complaint fails to state a cause of action under 42 U.S.C. §§ 1981, 1983, and 1985(3), and (2) plaintiff LIU has failed to comply with the AFL–CIO Constitution which provides that a non-judicial grievance procedure shall be the exclusive means for resolution of disputes between affiliate unions regarding collective bargaining relationships.

■ With regard to plaintiff's claim brought under 42 U.S.C. § 1981, it is

---

1. City defendants' motion to dismiss is here denied *only* on the grounds which have been argued in support thereof. The action, how- ever, is to be dismissed as to these defendants for reasons which are discussed in the remainder of the opinion.

manifest that plaintiff has failed to allege any factual basis therefor. It is by now well-settled that there must be an allegation of *racial* discrimination by defendants in order for there to be a cognizable cause of action under § 1981. *United States v. Cruikshank,* 92 U.S. 542, 23 L.Ed. 588 (1875); *Agnew v. City of Compton,* 239 F.2d 226 (9th Cir. 1957), *cert. denied,* 358 U.S. 959, 77 S. Ct. 868, 1 L.Ed.2d 910; *Valle v. Stengel,* 176 F.2d 697 (3d Cir. 1949). There has been no allegation whatsoever of racial discrimination in this case; accordingly, plaintiffs' § 1981 claim must be dismissed for failure to state a claim against these defendants. Fed.R.Civ.P. 12(b)(6).

■ With regard to plaintiffs' § 1983 and § 1985(3) claims, the allegation of a conspiracy between defendant AFSCME and the defendant governmental bodies and officials to deprive plaintiffs of their first and fourteenth amendment rights might theoretically be sufficient to save those claims from facial invalidity. The court need not, however, reach that issue inasmuch as AFSCME's motion to dismiss must be granted for another reason. This case must be dismissed because plaintiffs have contracted away their right to bring this specific complaint before this or any court, and they are bound by that contract.

Plaintiff LIU and defendant AFSCME are both affiliates of the AFL–CIO, and as such are bound to "conform to its constitution and the rules and regulations adopted thereunder." AFL–CIO Constitution, Article I. That constitution provides in Article XX for "Settlement of Internal Disputes", that is, disputes among affiliates, their local unions, or other subordinate bodies. Article XX sets forth procedures for the submission of disputes to impartial umpires and for appeals from the decisions thereof. Section 20 of the Article provides as follows:

Sec. 20. The provisions of this Article with respect to the settlement and determination of disputes of the nature described in this Article shall *constitute the sole and exclusive method* for settlement and determination of such dispute and the provisions of this Article with respect to the enforcement of such settlements and determinations shall *constitute the sole and exclusive method* for such enforcement. *No affiliate shall resort to court or other legal proceedings* to settle or determine any disputes of the nature described in this Article or to enforce any settlement or determination reached hereunder. (emphasis added)

In determining the applicability of this provision, the court must first decide whether the dispute which forms the subject matter of the complaint is "of the nature described in . . . Article [XX] . . . ." The court concludes that it is. Section 2 of Article XX provides that "Each affiliate shall respect the established collective bargaining relationship of every other affiliate. No affiliate shall organize or attempt to represent employees as to whom an established collective bargaining relationship exists with any other affiliate." Stripping the complaint of its civil rights verbiage, it is apparent that at the root of this action lies an ordinary dispute between two competing labor unions as to which shall represent the employees within the defined UNIT. AFSCME has an "established collective bargaining relationship", as that term is defined in Article XX, section 2, with the City of Atlanta. LIU challenges the city's recognition of AFSCME as the UNIT employees' representative. If first amendment rights of free speech and association are involved in this case, it may be said with equal force that they are involved in each and every labor dispute which ever arises. The court is unpersuaded that it is plaintiffs' constitutional rights which are really at issue here and refuses to base its jurisdiction on what amounts to little more than artful pleading. The issue in this case is precisely the type contemplated by Article XX; it is a dispute over which affiliate should enjoy the recognition of the city in an "established

collective bargaining relationship" and thus also enjoy the dues check-off procedure provided for by Section 2–144 of the Code of Ordinances of the City of Atlanta, Ga., January 20, 1975.[2] Article XX "constitute[s] the sole and exclusive method for settlement and determination of such dispute."

An Article XX hearing was concluded on April 25, 1974, before an impartial umpire with regard to charges filed by AFSCME that LIU was *inter alia* in violation of section 2 of Article XX of the AFL–CIO Constitution, *see* page 680 *supra*, for trying to organize and represent employees of the City of Atlanta as to whom AFSCME has an established collective bargaining relationship. In its decision, the umpire found that AFSCME "unquestionably" had an established collective bargaining relationship by virtue of recognition by the City as employer for far more than the one year requisite under section 2 of Article XX. With regard to AFSCME's charges that LIU was "raiding" its membership, the umpire found:

> "Here, the arrangements obviously made by LIU with paid staff representatives while they were working for AFSCME or with former representatives of AFSCME, including in particular the two who brought with them the new AFSCME checkoff authorizations, demonstrates, realistically, that the withdrawal or defection of the [AFSCME] members was caused definitely by activity or fault charged to LIU." *Determination Re: City of Atlanta, Ga.,* Case No. 74–25 (May 2, 1974), at 4.

Having found that LIU had solicited and tried to organize employees covered by AFSCME's relationship, the umpire found LIU in violation of Section 2. The AFL–CIO Executive Council subcommittee subsequently addressed AFSCME's complaint that LIU was not complying with the umpire's determination and reiterated that LIU was barred from seeking to represent and soliciting membership among AFSCME members, those who were members in August 1970, and those who signed new authorization cards designating AFSCME during late 1973. *See* Exhibit "B" to defendant AFSCME's motion for protective order.

The upshot of all this is that, in an administrative proceeding agreed upon by LIU and AFSCME (by virtue of their AFL–CIO affiliation) to constitute the sole and exclusive method for resolving just such disputes as this, it was determined that AFSCME rightfully enjoyed an established collective bargaining relationship with the City of Atlanta, and that LIU was "raiding" AFSCME's membership and otherwise violating Article XX, section 2 of the AFL–CIO constitution. Then, in complete disregard of the language of section 20 of that Article which forbids any affiliate to resort to any court to adjudicate such a dispute, LIU filed the instant action.

This court finds that LIU is barred from coming into this court to relitigate precisely those matters determined by the umpire under the AFL–CIO internal disputes plan. Nor will it be allowed to do so simply because it clothes the complaint in vague allegations of conspiracy between AFSCME and the City to deny plaintiffs' civil rights. LIU, as an affil-

2. See especially section 1(c) of that ordinance, which defines "employees' organization" eligible for dues check-off as " . . . any organization recognized by the City Council and approved by the Mayor by ordinance. In addition to the above approval, at the times of certification set forth above, any organization, including those already recognized by resolution, must have been designated as the organization of which the employee is a member, on the above dues authorization card of such employee, by *more than one-half of the total number of eligible employees* within the . . . departments and bureaus of the City of Atlanta combined [referred to as the UNIT in this opinion] . . . ." (emphasis added)

iate of AFL–CIO, is bound by its agreement to settle this dispute internally. To the extent that the issues raised in the complaint here were considered by the impartial umpire, his determination controls. To the extent that any issues raised here were not considered in the Article XX proceedings (such as, for example, new evidence that AFSCME does not now hold authorization cards for over one half of the eligible UNIT employees for dues check-off purposes), LIU must seek "settlement and determination" thereof in accordance with the procedures set forth in Article XX.

▮ Where parties to a contract agree to be bound by conclusions or decisions of an arbiter, courts will not, in the absence of allegations that such decisions were based upon fraud, entertain jurisdiction over disputes arising therefrom. *See e. g., Anthony P. Miller, Inc. v. Wilmington Housing Authority,* 179 F.Supp. 199 (D.Del.1959). Where the parties agree that the decision reached in the administrative procedure established for settling such disputes shall be final and binding, the parties will be precluded from subsequently seeking an adjudication in the courts. *Lomax v. Armstrong Cork Co.,* 433 F.2d 1277, 1280 (5th Cir. 1970); *Haynes v. United States Pipe and Foundry Co.,* 362 F.2d 414 (5th Cir. 1966). *See also* Title 9, United States Code, section 2. Hence, the action must be dismissed as to plaintiff LIU.

Plaintiffs point out that neither the individual named plaintiffs, nor the class they purport to represent, nor the city-related defendants are affiliates of AFL–CIO within the meaning of Article XX and therefore, they argue, are not bound to assert their claims or defenses under that provision. Although an alluring argument, this court can only accept it as far as it goes. Notwithstanding the inapplicability of Article XX to the city-related defendants insofar as a plaintiff affiliate would not be required

to resort to an Article XX proceeding in order to bring a charge against the city as employer, *see Determination Re: Allied Maintenance Corporation, Las Vegas, Nevada,* case nos. 67–122 and 68–20, the operative facts which form the basis of this litigation have already been determined in the proceedings before the impartial umpire. Although the doctrine of res judicata does not strictly apply here, the court is heavily persuaded by the expert determination of the impartial umpire and the other evidence to conclude that AFSCME does have an "established collective bargaining relationship" with the City of Atlanta and is entitled to the privileges attaching by ordinance to that relationship. Having so concluded, it becomes apparent to the court that the complaint does not state a cause of action against the city-related defendants, notwithstanding the cosmetic civil rights face worn by the complaint.

Even if the complaint did, in the abstract, state a claim against the city-related defendants notwithstanding the dismissal of the union defendants, it would still have to be dismissed for lack of a proper party plaintiff. All of the named plaintiffs and the class they purport to represent[3] are alleged to be "persons in the said UNIT of employees of the City of Atlanta who have currently executed authorization cards to LIU." By their own allegation, then, plaintiffs admit that their interests are identical with those of LIU and, in fact, they are the real parties in interest in this action. Stated differently, the individual plaintiffs herein and LIU are in privity with one another; the individual plaintiffs merely constitute in the aggregate what LIU represents as a single entity. If LIU is precluded from litigating in this court by virtue of Article XX, so are those in privity with LIU ‒ ‒ ‒ those seeking to set forth identical claims as members of LIU ‒ ‒ ‒ precluded from litigating here. If indi-

---

3. No class, of course, has yet been certified. Fed.R.Civ.P. 23(c)(1); Local Court Rule 221.13.

vidual members of an AFL–CIO affiliate (or those who have executed authorization cards in its favor) could "appeal" to a court from an administrative decision adverse to their union, the utility of Article XX would be completely frustrated. This court is not inclined to give effect to such a circumvention of an otherwise final and binding decision of the impartial umpire.[4]

Furthermore, plaintiffs' allegations of conspiracy between AFSCME and the city defendants are insufficient to state a claim against these defendants. Even if the claims brought under 42 U.S.C. §§ 1983, 1985(3) are legally sufficient, upon which issue this court specifically declined to rule, *supra* at 680, *see Westberry v. Gilman Paper Co.*, 507 F.2d 206, 216 (5th Cir. 1975), the charges of an illegal combination here are couched in language which is "purely conclusory, with no specific factual allegations to support the charges." *Lusk v. Eastern Products Corporation*, 427 F.2d 705 (4th Cir. 1970). Consequently, this case would properly be dismissed pursuant to Rule 12(b)(6) even in the absence of the several other reasons therefor enumerated in this opinion.

For all the foregoing reasons, defendants' motions to dismiss are hereby granted. Defendants' motions for protective orders are therefore, to the extent that they have not already been verbally granted on September 16, 1975, denied as moot. The Clerk of the Court is directed to enter judgment for defendants accordingly.

---

4. Analogizing from § 301 of the Labor Management Relations Act, the court finds that there has been no allegation on the part of the individual plaintiffs here that LIU (or AFSCME, as the recognized representative of all the employees) has breached its duty of fair representation to them. This consideration also militates against allowing the individual members to sue the employer directly. *See generally Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).