**Wallace D. COLEMAN, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**No. S 76–138.**

United States District Court,
N. D. Indiana,
South Bend Division.

March 30, 1977.

Wallace D. Coleman, pro se.

John S. Leonardo, Asst. U. S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM

ALLEN SHARP, District Judge.

On August 17, 1976 the Plaintiff, Wallace Coleman, filed suit against United States Department of Justice, South Bend Police Department, Mishawaka Police Department, Elkhart Police Department and the

Goshen Sheriff's Department, alleging that his various arrests and convictions should be expunged from his Federal Bureau of Investigation (hereinafter referred to as FBI) identification sheet (hereinafter referred to as rap sheet). All Defendants have been dismissed except for the United States Department of Justice. On October 28, 1976 the United States Attorney representing the United States Department of Justice filed a Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted under 12(b)(6) of the Federal Rules of Civil Procedure.

█ Local rule 7(b) of the United States District Court for the Northern District of Indiana states in part:

"*Motions to dismiss*, to strike, for judgment on the pleadings, for more definite statement, and for summary judgment shall be accompanied by supporting briefs and proof of service upon opposing counsel of record. *An adverse party shall have fifteen (15) days after service of the movant's brief to file an answer brief with proof of service*, and the moving party shall have five (5) days after service of the answer brief to file a reply brief with proof of service." (emphasis added)

\*   \*   \*   \*   \*   \*

". . . . *Failure to file timely briefs in support of or in answer to the motions covered in this rule shall subject such motions to summary ruling*, unless any other party who has timely filed a brief requests a hearing which may then be granted in the discretion of the court. Failure to file a reply brief within the time prescribed shall be deemed a waiver of the right to make such filing." (emphasis added)

The court record is barren as to any response by the Plaintiff, Wallace Coleman, to the Defendant's Motion to Dismiss. This Court deems this to be a waiver of the Plaintiff's right to make such a filing. Therefore, the Court must act on the instant case with the record presently before it. In light of said record, this Court grants Defendant's Motion to Dismiss in the case at bar upon the following grounds.

█ First, the Plaintiff claims in his complaint that 28 U.S.C. § 2513 provides for the expungement of entries from the United States Department of Justice, FBI "Rap Sheet." Such statute does not so provide. Rather, 28 U.S.C. § 2513 deals with the requisite facts which must be alleged and proved in an action for damages by a person unjustly convicted of and imprisoned for a federal criminal offense under 28 U.S.C. § 1495.

Therefore, the Plaintiff's claim for relief rests solely on the authority of the two cases cited in his complaint.

The Plaintiff argues that *Tarlton v. Saxbe*, 165 U.S.App.D.C. 293, 507 F.2d 1116 (1975), and *Menard v. Mitchell*, 139 U.S. App.D.C. 113, 430 F.2d 486 (1970), stand for the proposition the Court must expunge unjust convictions and/or acts not guilty of, from the United States Department of Justice, FBI "rap sheet", when said entry has caused and/or could cause in the future, substantial harm and irreparable damage, and when said entry is violative of the United States Constitution. This Court does not agree.

█ In *Tarlton*, the court sets down as the primary benchmark in determining what arrests may properly be enshrined in the FBI criminal files, that if no probable cause for arrest existed, and the arrest is therefore, unconstitutional, that the record of the arrest is not properly includible in FBI files, may be subject to expungement.

In *Menard*, the court adopted the same principle. In so holding, the Circuit Court of Appeals again recognized in this earlier case that probable cause for the arrest is the critical factor as to whether arrest information may properly be maintained in the FBI "rap sheet" or whether such information is subject to expungement. The court stated:

". . . if appellant can show that his arrest was not based on probable cause it is difficult to find constitutional justifica-

tion for its memorialization in the F.B.I.'s criminal files."

"Even if the arrest was made with probable cause, it does not necessarily follow that no relief may be warranted. Particularly if the F.B.I. has actual knowledge that further investigation exonerated appellant, it may be under a duty at the very least to supplement its files to indicate that fact." *Menard v. Mitchell*, 139 U.S.App.D.C. 113, 430 F.2d 486, 492 (1970).

■ Thus, the Plaintiff's reliance on *Tarlton* and *Menard* to support his contentions is erroneous on two grounds. The first ground is Plaintiff's misinterpretation of what the cases stand for. *Tarlton* and *Menard* hold that arrests and convictions that are based on probable cause are properly includible on an FBI rap sheet. These cases do not stand for total expungement of criminal activities from the FBI rap sheet which is what the Plaintiff contends. Furthermore, an examination of the arrest record entries objected to by Plaintiff, Mr. Coleman, on the record sheet attached to his complaint indicates that his basis for objection is that he was not convicted under any of the noted listed charges. The overwhelming weight of authority in this area is that the mere fact that a person is not convicted on the charges for which he was arrested does not automatically entitle the subject of the arrest record in question to an expungement of that record. See, *United States v. Linn*, 513 F.2d 925 (10th Cir. 1975); *Rogers v. Slaughter*, 469 F.2d 1084 (5th Cir. 1972); *United States v. Dooley*, 364 F.Supp. 75 (E.D.Pa.1973), and *Shadd v. United States*, 389 F.Supp. 721 (W.D.Pa. 1975), and *United States v. Rosen*, 343 F.Supp. 804 (S.D.N.Y.1972).

■ Secondly, both cases, *Tarlton* and *Menard* are from the Circuit Court of Appeals in the District of Columbia. While this Court respects the decisions from other circuits, a decision from a sister circuit is only persuasive and not controlling authority in another circuit. Therefore, even if said cases stood four square with the Plaintiff's contentions, this Court is not bound by decisions in another circuit.

The Seventh Circuit has not spoken definitively as to whether or not the Department of Justice must expunge federal convictions from an FBI "rap sheet", and if they must be expunged upon what basis this is to be determined. By statute, 28 U.S.C. § 534 (1970), Congress authorizes the Attorney General to maintain criminal records, and among other things to "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records."

The only decision on this issue decided by the Seventh Circuit Court of Appeals rejected the "invasion of privacy" argument raised by the plaintiff who sought expungement of his criminal record, holding that the Chicago Police Department may retain, and need not expunge, fingerprints and other arrest records even after discharge, acquittal, or other release. Thus, under the only authority of the Seventh Circuit Court of Appeals, the Defendant, United States Department of Justice, would seem not to be compelled to expunge the complained federal record. *Herschel v. Dyra*, 365 F.2d 17 (7th Cir. 1966).

■ The Plaintiff has at most alleged that he was not convicted on the charges indicated on the FBI "rap sheet." There is no allegation of unconstitutional arrest or prosecution, *Sullivan v. Murphy*, 156 U.S. App.D.C. 28, 478 F.2d 938 (1973); *United States v. McLoed*, 385 F.2d 734 (5th Cir. 1967), or of illegitimate motive or purposeful harassment, *Wheeler v. Goodman*, 306 F.Supp. 58 (W.D.N.C.1969). The circumstances presented do not justify the court in interfering with the legitimate interests of government law enforcement agencies in maintaining records of their own activities.

This Court sees no reason why the standard for expungement of federal criminal charges from the FBI "rap sheet" should differ from the standards applied to other law enforcement agencies in other jurisdictions.

■ In the absence of controlling authority on this particular issue, the great weight

of authority holds that an individual's "rap sheet" can only be expunged under extraordinary circumstances. In the instant case, the Plaintiff, Wallace Coleman, has three federal convictions on his "rap sheet." Thus, in light of the only case authority in the Seventh Circuit and persuasive authority from other circuits, this Court does not find any circumstances which would warrant expungement of the Plaintiff's convictions from his "rap sheet."

Therefore, this Court holds that the Defendant's, United States Department of Justice, Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted should be and is hereby GRANTED.

SO ORDERED.