John George DIAMOND,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–1686.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 27, 1981.*

Decided Feb. 9, 1981.

Joseph S. Van Bokkelen, Goldsmith, Goodman, Ball & Van Bokkelen, Highland, Ind., for plaintiff-appellant.

David T. Ready, U. S. Atty., South Bend, Ind., for defendant-appellee.

Before SWYGERT, CUMMINGS and WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff-appellant John George Diamond appeals from a judgment dismissing his complaint for failure to state a claim upon which relief may be granted. The complaint requested that the Government "be ordered to expunge from the records maintained by [it] all references to [Diamond's] indictment and arrest[,]" both of which occurred in 1962. In particular, he seeks the destruction of the Federal Bureau of Investigation's rap sheet showing his 1962 arrest and indictment for assisting a co-defendant to evade the latter's federal income taxes. He does not seek the removal of his fingerprints from "neutral" F.B.I. records (App. C–4). For the reasons given below, we reverse and remand for further proceedings.

In reviewing the district court's dismissal of this action for failure to state a claim, we must accept as true the allegations of the complaint. Moreover, in this case the material facts essentially are undisputed.

On February 20, 1962, Diamond was indicted as a co-conspirator by a federal grand jury in the Northern District of Indiana. The trial of Diamond and others began on November 13, 1962, before Hon. Robert Grant of the United States District

---

* This case originally was set for argument on January 27, 1981. However, after it was scheduled the parties filed a joint motion to waive oral argument, which was granted. Therefore, pursuant to the parties' agreement, Fed.R. App.P. 34(f) and Circuit Rule 14(e), this case was submitted for decision to the panel for January 27, 1981 on the briefs and the record.

Court of the Northern District of Indiana. On December 12, 1962, without any prior plea negotiations with Diamond, upon the Government's *sua sponte* motion the indictment against Diamond was dismissed after one of his co-defendants changed his plea to guilty (App. C–2).[1]

This aborted prosecution is said to be the only time that Diamond has been charged with a crime. Diamond maintains that expunction of any reference to it and his concomitant arrest from Government records is within the district court's power to order and is appropriate in this case because there is no "legitimate investigative need for the data ..." of the Government sufficient to overcome Diamond's interest in expunction. That interest arises out of the impediment to employment which maintenance of the records causes Diamond.[2]

On the other hand, relying primarily upon *United States v. Linn*, 513 F.2d 925 (10th Cir.), certiorari denied, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975) and *Coleman v. United States Department of Justice*, 429 F.Supp. 411 (N.D.Ind.1977), as did the district court, the Government maintains that Diamond has failed to allege facts constituting "special circumstances" or demonstrating that this is an "unusual or extreme case." It argues that absent such "special circumstances" or such a demonstration, expunction is unwarranted.

According to the Government, expunction of an arrest record is appropriate only: (1) where the arrest itself was unlawful; (2) where the arrest was for the purpose of harassment; or (3) where the statute under which the arrest was made subsequently was held unconstitutional. Diamond responds that the Government and the district court read *Linn* and *Coleman* too narrowly and that, in any event, those cases are distinguishable. Although this is a close case, we believe that Diamond should have an opportunity to prove that he is entitled to expunction or another appropriate remedy.[3]

The movant who unsuccessfully sought to have his arrest record expunged in *Linn* was a licensed attorney. With seven others, he was charged in a sixty-five count indictment with conspiracy, mail, wire and stock fraud, sale of unregistered securities, and filing false reports with the Securities and Exchange Commission and the American Stock Exchange. Linn was named in fifty-nine of the sixty-five counts. At trial, nine of the fifty-nine counts against Linn were submitted to the jury. The remaining counts either were dismissed or were consolidated with the submitted counts. The jury acquitted Linn of all nine submitted counts. Thereafter, he unsuccessfully moved to have his arrest records expunged.

In affirming the denial of Linn's motion for expunction, the Tenth Circuit acknowledged that "courts do possess the power to expunge an arrest record where the arrestee had been acquitted. However, there appears to be no definitive, all-purpose rule to govern requests of this nature, and to a considerable degree each case must stand on its own two feet." 513 F.2d at 927. Looking at the several cases previously cited in its opinion, the court noted that expunction had been ordered where there was

---

1. Also, apparently no civil penalty was assessed against Diamond in lieu of the aborted prosecution (App. C–2). The record does not reveal the dispositions of the indictments against Diamond's other co-defendants.

2. In a memorandum in opposition to the Government's motion to dismiss and an accompanying affidavit, Diamond represented that he was informed by a judge of the Lake County (Indiana) Superior Court that his arrest would bar him from consideration for the position of Chief Administrator of the court. However, notwithstanding his arrest Diamond did attain the position of Deputy Court Administrator.

3. In the district court, Diamond mentioned that equitable relief short of expunction may be satisfactory. For example, the Federal Bureau of Investigation (F.B.I.), which maintains Diamond's arrest record, could be ordered not to disseminate it outside of the agency. Alternate remedies short of expunction should be explored on remand. For the regulations regarding the dissemination of F.B.I. arrest records, see 28 C.F.R. § 20.33; see also *Menard v. Saxbe*, 498 F.2d 1017, 1020–22 (D.C.Cir.1974).

an unlawful arrest, where the arrest was made for purposes of harassment, or where the statute under which the arrest was made subsequently was held unconstitutional. "However, [the court continued] it would appear that an acquittal, standing alone, is not sufficient to warrant an expunction of an arrest record." 513 F.2d at 927–28.

Thus, contrary to the Government's assertion, *Linn* does not stand for the proposition that expunction may be ordered only if one of the three circumstances described therein are present. Rather, those circumstances merely were illustrative of the situations in which expunction had been considered appropriate. The rule of the case is simply that a mere acquittal is insufficient to grant expunction. See 513 F.2d at 928. Diamond does not contest that proposition. Moreover, because *Linn* involved an acquittal after a full trial, while the instant case involves a prosecution aborted at the Government's request, the two cases are materially different. Consequently, *Linn* does not preclude ordering the relief Diamond seeks. Rather, its requirement of a case-by-case approach militates in favor of allowing Diamond to develop a fuller factual record than presently exists in this case.

*Coleman v. United States Department of Justice*, 429 F.Supp. 411 (N.D.Ind.1977), which was dismissed for failure to state a claim, was a case in which the plaintiff unsuccessfully sought to have "various arrests and convictions expunged from his [F.B.I.] identification sheet. . . ." 429 F.Supp. at 412. He failed to respond to the defendants' motion to dismiss and thus, under the local rules, waived his right to do so. *Id.* Moreover, Coleman had three federal convictions and an undisclosed number of arrests. Obviously, Diamond is in an appreciably different situation, having just one arrest and no convictions. Thus, under a case-by-case approach, *Coleman* does not bar the relief Diamond requests.

The Government also relies, and the district court relied substantially, upon *Herschel v. Dyra*, 365 F.2d 17 (7th Cir.), certiorari denied, 385 U.S. 973, 87 S.Ct. 513, 17 L.Ed.2d 436 (1966), as the most pertinent precedent from this Court. *Herschel* was an unsuccessful civil rights action seeking expunction of an arrest made under a City of Chicago anti-litter ordinance. The state proceedings against Herschel were non-suited upon the City's motion. We upheld the dismissal of Herschel's complaint for failure to state a claim, stating that maintenance of the arrest record did not violate Herschel's right of privacy and recognizing the defendants' duty, under state law, to maintain the arrest record. 365 F.2d at 20. While the *Herschel* holding regarding the absence of any violation of Herschel's right of privacy may be dispositive of Diamond's similar claim in this case, the federalism concerns implicitly underlying our decision in *Herschel* are not present here. Also, because Diamond, unlike Herschel, seeks expunction of a federal arrest record, he need not show a constitutional violation as a premise of the relief he seeks.

In our view, other decisions which are more supportive of Diamond's claim, also are more pertinent to our analysis of the instant case than are *Linn*, *Coleman* and *Herschel*. For example, *United States v. Bohr*, 406 F.Supp. 1218 (E.D.Wis.1976), is virtually indistinguishable from this case except for the fact that in *Bohr* the Government did not oppose the defendant's motion to expunge his arrest record.[4] As Diamond cogently argues, the propriety of expunction cannot turn solely on the presence or absence of Government opposition.

The movant in *Bohr*, Robert J. Joling, a member of the State Bar of Wisconsin, was charged with mail fraud by a federal grand jury in 1964. After his arrest and entry of a plea of not guilty, Joling moved to quash the indictment. The Government did not oppose that motion[5] and it was granted. In 1971, seeking to apply for admission to

---

4. Although there was no Government opposition, the court did request and receive briefs from the parties regarding its authority to grant the relief requested.

5. However, the Government reserved its right to reinstitute the prosecution.

the Arizona Bar and for certain Civil Service positions with the federal government, Joling successfully moved to expunge all references to the indictment and arrest. None of the three circumstances described in *Linn* were present. However, the court utilized its authority to weigh the equities of the particular case before it. The court found expunction appropriate even though Joling's record would not bar him from the admission to the State Bar of Arizona. It relied upon the facts that the incident occurred eleven years before Joling's motion and was the only time Joling had been criminally charged.

Recognizing an individual's interest in a "clean" record, state courts also have ordered expunction of criminal arrest records in cases similar to this, where the three circumstances described in *Linn* were absent. *E. g., Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972) (defendant acquitted); *Eddy v. Moore*, 5 Wash.App. 334, 487 P.2d 211 (1971) (charges dismissed).

In conclusion, we approve the case-by-case approach recommended in *Linn*, the cases cited therein, and the other cases discussed above. "In each case, the court must weigh the reasons advanced for and against expunging arrest records." *Kowall v. United States*, 53 F.R.D. 211, 214 (W.D. Mich.1971). If the dangers of unwarranted adverse consequences to the individual [6] outweigh the public interest in maintenance of the records, then expunction is appropriate.

Such an approach behooves the district court to develop a complete factual record. *Menard v. Mitchell*, 430 F.2d 486, 494 (D.C. Cir.1970), on remand, 328 F.Supp. 718 (D.D. C.1971), remanded, 498 F.2d 1017 (D.C.Cir. 1974). In this case, such a record is lacking. At this point, we cannot say that Diamond can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355

U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Government has presented no reasons for maintaining a record of Diamond's arrest. On the other hand, Diamond has alleged facts indicating that his encounter with the criminal justice system was an aberration. In these days of employer awareness of high recidivism, this truly may present an "unusual" or "extreme" case in which the extraordinary relief Diamond requests is appropriate so that, his employment will not be unfairly refused.

The Government should be required to state why the indictment against Diamond was dismissed on its motion [7] and why it is necessary to maintain this 17-year-old rap sheet. If he is to be denied this relief, the district court judge must give his reasons therefor. Absent valid reasons Diamond should be permitted to prevail.

Accordingly, the judgment of the district court is REVERSED and the case REMANDED for further proceedings consistent with this order.[8]

---

**6.** See *Tarlton v. Saxbe*, 507 F.2d 1116, 1121 n.7 (D.C.Cir.1974), on remand, 407 F.Supp. 1083 (D.D.C.1976); *Menard*, 430 F.2d at 490–92; *United States v. Benlizar*, 459 F.Supp. 614, 619–622 (D.D.C.1978).

**7.** If the dismissal was caused by a discovery that Diamond was not guilty, the case for ex-

punction would be strong. Of course, another infirmity may have existed in the 1962 proceedings that would warrant expunction.

**8.** On remand the district court should also consider whether relief short of expunction might be satisfactory. See note 3 *supra*.