**UNITED STATES of America, Plaintiff,**

v.

**John DOE,[1] Defendant.**

**No. 76 CR 751–1.**

United States District Court,
N.D. Illinois, E.D.

Jan. 27, 1984.

Thomas Scorza, Asst. U.S. Atty., Chicago, Ill., for the Government.

Kenneth L. Cunniff, Chicago, Ill., for defendant.

## MEMORANDUM

LEIGHTON, District Judge.

The Movant in this proceeding is a youth offender who was placed on probation by this Court and thereafter unconditionally discharged prior to expiration of the maximum period of his probation. In accordance with the provisions of 18 U.S.C. § 5021(b), the discharge automatically set aside his conviction and entitled him to a certificate to that effect. His motion and the relief he requests present an issue which, as far as this Court can determine, has never been resolved in this circuit. It is whether under the terms of 18 U.S.C. § 5021(b),[2] which provides that discharge

---

1. This is a pseudonym which, on its own motion, the Court adopts for Movant, a youth offender who in 1976 was sentenced under the provisions of 18 U.S.C. § 5010(a). This practice, in similar situations, has been adopted without explanation, by a number of courts.

See *Doe v. Webster*, 606 F.2d 1226 (D.C.Cir. 1979); *United States v. Doe*, 496 F.Supp. 650 (D.R.I.1980).

2. This section, from the Youth Corrections Act, referred to hereafter as YCA, provides that:

of a youth offender from probation prior to its maximum term automatically sets aside the conviction, this court has the authority to order expunged not only the conviction but also the record of the arrest, and order agents of the government to remove from their files all such records, from arrest to conviction. The material facts are not in dispute.

## I

On June 20, 1976, Movant then 20 years of age and a Navy enlistee at Great Lakes Naval Training Station, was in downtown Waukegan, Illinois, alone. He went to a telephone booth, called James Bouy, General Manager of Marriott's Great America Theme Park and told him that unless $100,000 was delivered in a brown bag to the front gate of the park in one hour, thousands of innocent park patrons would be killed by his armed confederates. As a matter of fact, Movant did not have any confederates, armed or otherwise.

Bouy, instead of responding immediately, called the Federal Bureau of Investigation and a short time later Movant appeared at the park gate and approached a man who had a brown paper bag in his hand. Unknown to him, the man was a Special Agent of the Federal Bureau of Investigation posing as the park's general manager. Movant was arrested and later was charged in a one-count information with attempt to commit an extortion in violation of 18 U.S.C. § 1951. He was tried by a jury, found guilty; and after receiving a presentence report which disclosed that Movant had never been arrested in his life, charged nor convicted of any crime, the Court sentenced him to five years in the custody of the Attorney General and pay a $5,000 fine. Execution of the sentence was suspended and Movant was placed on probation for five years under the provisions of the YCA, 18 U.S.C. § 5010(a).

He appealed; but his conviction was affirmed by the Court of Appeals on November 30, 1977. Then on December 17, 1981, the probation department of this Court recommended early termination of Movant's probation. The special report disclosed that Movant had "complied fully with all the terms and conditions of his probation.... It is felt that [Movant] has demonstrated his appreciation to the Court for placing him on probation and it is recommended that his probation be terminated and that his conviction be set aside." On January 5, 1982, this Court accepted the recommendation, discharged Movant unconditionally, and set aside his conviction pursuant to 18 U.S.C. § 5021(b).

Although he has had the benefit of a statute that gave him a certificate stating his conviction had automatically been set aside, Movant finds it necessary to ask this Court for an order expunging all of the government's records "from arrest to conviction and direct[ing] all appropriate law enforcement agencies, including the [Federal Bureau of Investigation], to physically remove such records from the[ir] central criminal files and place them in a separate storage facility, with instructions that these records not be used by the government for any purpose other than in the course of a bona fide investigation, and further, that such records not be disseminated to anyone, public or private, for any other purpose." Movant further asks for a direction that once agents of the government are notified of this Court's order, they be required to respond in the negative to any and all inquiries concerning the expunction of his conviction and arrest. He asks that he be authorized, since as a youth offender his conviction and arrest have been expunged, he be permitted, legally, to reply in the negative to any and all questions concerning his former conviction and arrest.

The government, while conceding that this Court may order expungement of Movant's conviction, contends that 18 U.S.C.

Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

§ 5021(b) does not authorize expungement of a youth offender's arrest or other pre-conviction proceedings. It argues that although the statute uses the term "set aside" rather than "expunge," the Supreme Court of the United States has compared Section 5021(b) to state expungement provisions; and there is some indication that authors of the statute intended the "setting aside" provision to allow expungement of the record of a conviction. The government also concedes there is persuasive authority for the proposition that actual expungement of a conviction, and not only issuance of a "set aside" certificate, is necessary for the purposes of the YCA. It insists, however, that case law rejects the notion of expungement applying to the record of a youth offender's arrest; Section 5021(b), the government contends, refers only to setting aside "the conviction", a term which in the statute is defined to mean "the judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere." Therefore, according to the argument, extending the "set aside" (or "expungement") provision of the YCA to arrest or preconviction records, thus beyond the specific statutory language, would be inconsistent with the strict adherence to the act's statutory language. For these reasons, the government urges this Court to confine any expungement order to the record of Movant's conviction.

## II

This is not the first time a youth offender like Movant has asked a federal court for an order expunging, not only his conviction, but also the record of his arrest. Nor is it the first time the government has voiced the objections it expresses in this proceeding. Two United States district courts have considered and granted the relief as to arrest records which Movant asks of this court, and have rejected the government's contentions that expungement of an arrest record should not be ordered under 18 U.S.C. § 5021(b).

In *United States v. Henderson*, 482 F.Supp. 234 (D.N.J.1979), where the state of decisional law in the circuit was as it is in this one, a youth offender in a situation almost identical to the one in which Movant finds himself, applied for an order expunging not only his conviction but also the record of his arrest. The youth offender had reported to the probation office that despite having received his certificate under 18 U.S.C. § 5021(b), he was having difficulty finding suitable employment which he attributed to the existence of the record of his arrest. The government opposed the relief sought, arguing, additionally, that Section 5021(b) did not empower a district court to order the expungement of a conviction that had been set aside. Through the United States Attorney, the government maintained that the district court's equitable powers, with respect to expungement of records from arrest to conviction is very narrow; and the facts of the case before it did not warrant such a rare remedy. 482 F.Supp. at 236.

The Administrative Office of the United States Courts (the AO), which provides legal advice to all federal probation officers, urged in a brief *amicus curiae*, that a youth offender who had been sentenced under the Act, should have the records of his arrest and conviction expunged pursuant to the implicit requirements of 18 U.S.C. § 5021(b). The AO contended that the "set aside" phrase within Section 5021(b) should be interpreted as an expungement provision; and that the word "conviction", as used in that statutory phrase, should be understood to encompass the entire record of the youth's criminal act, from arrest to the sentence. Alternatively, it contended that the arrest and conviction record should be expunged pursuant to the court's inherent equitable powers used in conjunction with Section 5021(b). 482 F.Supp. at 236. After considering the youth's request for relief, the government's objections, and the position taken by the AO, the court held that a youth offender who satisfies the requirements of Section 5021(b) of the Act should have the records of his or her arrest and conviction expunged. 482 F.Supp. 236.

This holding, at least on the issue of expungement, was not without precedent. In fact, on the construction of the "set

aside" provision of Section 5021(b), the court accepted the reasoning of *Doe v. Webster,* 196 U.S.App.D.C. 319, 606 F.2d 1226 (D.C.Cir.1979), where "an erudite and comprehensive opinion, recognized that the 'primary concern' of the authors of the Act was to release the rehabilitated youth offender from the 'social stigma'. and loss of economic opportunity that in this society accompany the 'ex-con' label." *Id.,* 196 U.S.App.D.C. at 327, 606 F.2d at 1234. The *Webster* court observed that:

> While the legislative history offers little guidance as to the reasoning behind the drafters' choice of terminology, it is crystal-clear in one respect: they intended to give youthful ex-offenders a fresh start, free from the stain of a criminal conviction, and an opportunity to clean their slates to afford them a second chance, in terms of both jobs and standing in the community. *Id.*

It analyzed this history, noted that other circuits have also emphasized "both the rehabilitative aspects of the Act, and its purpose to provide youthful ex-offenders a fresh start," *Id.,* 196 U.S.App.D.C. at 329, 606 F.2d at 236; and then, referring to the intent of Congress in enacting the YCA, a fact highly relevant to the matter at bar, the court said:

> It is clear that if these purposes of the Act are to be effectuated, the set-aside position must be accorded a liberal construction which allows the rehabilitated youthful offender a meaningful fresh start by protecting him from those "stigma" consequences of his conviction which impede his reintegration into society, as distinguished from an interpretation which grudgingly focuses only on the removal of "legal" disabilities which are of more limited value to the youthful ex-offender seeking to reestablish a useful, productive, and law abiding life. *Id.,* 196 U.S.App.D.C. at 331, 606 F.2d at 1238.

The only departure from *Doe v. Webster* by the court in *Henderson* was interpretation of Section 5021(b) as authorizing a district judge to expunge not only the record of a conviction, but also the record of an arrest. It recognized, as have other courts, that an arrest record can have a lasting and adverse impact on the economic, social condition of an offender. See e.g., *Diamond v. United States,* 649 F.2d 496 (7th Cir.1981); *cf. Natwig v. Webster,* 562 F.Supp. 225 (D.R.I.1983); and see generally Annot. 71 A.L.R.3d 753. Thus, *Henderson* rejected the contention which the government makes in this case.

In *United States v. Doe,* 496 F.Supp. 650 (D.R.I.1980), almost the same situation now before this court was present; a youth offender who successfully completed his probation under the Act also sought expungement of all records of his conviction, including those of his arrest. After ruling that Section 5021(b) removed a conviction for the purposes of federal criminal statutes, the court turned to what it described as "the scholarly and exhaustive opinion of *Doe v. Webster,* 606 F.2d 1226 (D.C.Cir. 1979)." It considered *United States v. Henderson,* 482 F.Supp. 234 (D.N.J.1979), together with the fact that the AO had filed a brief *amicus curiae* in that case. The court held that when Congress enacted the Youth Corrections Act, it intended that Section 5021 of Title 18 implicitly authorize and require expungement of a youth's arrest record; and that district courts have inherent power to expunge an arrest record where expungement would further the purposes of the YCA. 496 F.Supp. 653. Thus, again, the contention which the government makes in this case was rejected.

These two decisions, both by able and experienced district judges, and each bearing on the issue at bar, convince this court that under 18 U.S.C. § 5021(b) it has the authority to order expungement not only of Movant's conviction, but also the record of his arrest; and this court can, under the statute, order agents of the government to remove physically from their files the record of Movant's conviction and also the record of his arrest. Agents of the government will be directed to answer in the negative any inquiry from any and all sources concerning Movant's arrest and conviction. Of course, these records, although maintained and stored physically

separate, may be used for bona fide investigative purposes.

 As to Movant, he shall have the right to answer in the negative any question which seeks to find out from him whether he was arrested and convicted of the crime for which he was put on probation under the YCA, which arrest and conviction have been set aside and expunged under the terms of 18 U.S.C. § 5021(b). *Doe v. Webster,* 606 F.2d 1226 (D.C.Cir. 1979); *United States v. Henderson,* 482 F.Supp. 234 (D.N.J.1979); *Doe v. United States,* 496 F.Supp. 650 (D.R.I.1980). An order to this effect will be entered as shown in Appendix A to this Memorandum; and accordingly, a Certificate will issue to Movant as shown in Appendix B.

## APPENDIX A

### Order

It appears of record that on March 25, 1977, this Court sentenced defendant to a term of incarceration and pay a fine; but the sentence was suspended and he was placed on probation for five years pursuant to the Federal Youth Corrections Act (YCA), 18 U.S.C. § 5010(a). Defendant began his probation on November 30, 1977; but on January 5, 1982, because of exemplary performance, this Court discharged him prior to expiration of the maximum period, pursuant to Section 5021(b) of the Federal Youth Corrections Act (YCA). This discharge automatically set aside defendant's conviction, and entitled him to a Certificate to that effect.

Now all agents of the government, including the Federal Bureau of Investigation, are ordered that all recordation relating to defendant's criminal episode, including the charge, arrest, indictment, court proceedings, record of conviction and sentence, shall be expunged by physically removing them from the central criminal files of the Federal Bureau of Investigation, and of all other law enforcement authorities, and placed in a separate storage facility which is not to be opened other than in the course of a bona fide criminal investigation by law enforcement authorities, and only where necessary for such an investigation.

These records shall not be used by law enforcement authorities for any other purpose, nor may such records be disseminated to anyone, public or private, for any other purpose.

Further, it is ordered, that all agents of the government, including the Federal Bureau of Investigation, shall not merely enter the words "set aside" on their records. The "set aside" must be actual: the arrest record and record of conviction must be physically removed from the files and placed in a separate storage facility.

It is further ordered that agents of the government, including the Federal Bureau of Investigation, shall respond, in the negative, to any and all inquiries concerning the set aside and expunged conviction and arrest records. Similarly, defendant whose arrest record and conviction have been set aside and expunged under Section 5021(b) may legally reply in the negative to any and all questions concerning his arrest and conviction in this case. Further, it is ordered that defendant may, and all others must, consider the expunged criminal episode, from arrest to conviction, as having never occurred.

So ordered.

## APPENDIX B

### CERTIFICATE

I, in the discharge of my official duties as a United States District Judge, Northern District of Illinois, do certify that in the above captioned case, No. 76 CR 751-1, the Bearer of this Certificate was placed on probation under the provisions of the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5010(a). Because of his exemplary performance and conduct, the probation department of this Court recommended that he be discharged prior to expiration of the maximum period, which discharge, pursuant to § 5021(b) of the Federal Youth Corrections Act (FYCA), automatically set aside the arrest and conviction of the Bearer of this Certificate. This set aside provision of the statute has been construed by federal courts as an expungement; and that further, the expungement shall be not

only of the conviction but of all recordation relating to the criminal episode, including the arrest.

I further certify that pursuant to law, and because of his exemplary performance during probation which manifests rehabilitation, the arrest and conviction of the Bearer of this Certificate have been expunged so that all others must consider the criminal episode in which he was involved as having never occurred.

All agents of the government have been notified of the entry of the expungement order; and as a consequence, they are required to respond in the negative to any and all inquiries concerning the expunged conviction and arrest records. Similarly, the Bearer of this Certificate, as an ex-youth offender whose conviction and arrest record have been expunged under § 5021(b) of the Federal Youth Corrections Act (FYCA), may legally reply in the negative to any and all questions concerning his arrest and conviction.

/s/ George N. Leighton
United States District Judge
Northern District of Illinois

Dated: January 27, 1984

Attest: /s/ H. Stuart Cunningham
H. Stuart Cunningham, Clerk
United States District Court
Northern District of Illinois

[SEAL]