**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**G,[1] Defendant-Appellee.**

**No. 84–5163.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1985.

Decided Oct. 25, 1985.

Henry H. Rossbacher, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Burton Marks, Los Angeles, Cal., for defendant-appellee.

---

**1.** Because the individual who is the subject of this action has represented to this court that he may be seriously endangered if any information concerning this action is made public or re-

vealed in a written opinion, this court has determined to preserve his anonymity in this opinion and to refer to him simply as "G."

Before SCHROEDER, FLETCHER, and FARRIS, Circuit Judges.

FLETCHER, Circuit Judge:

The United States appeals the district court's order, issued after an initial status conference, to expunge or seal all records in the possession of the district court, the United States Department of Justice, and the FBI relating to G's 1962 arrest, indictment, and conviction for counterfeiting and his 1972 presidential pardon. Because there is not an adequate record in this case and no statement of reasons for the district court's decision that we can review, we vacate the district court's order.

In 1962, G was indicted on and pled guilty to counterfeiting charges under 18 U.S.C. §§ 472, 473, and 474. He was fined $250 and placed on probation for one year. G subsequently applied for presidential pardons in 1968 and 1971, and was finally granted a pardon in 1972.

In 1983, G's attorney contacted the Chief Judge and the United States Attorney's office of the Central District of California, where G had pled guilty over twenty years before, and notified them that G had allegedly made a binding agreement with the government in 1962 under which his criminal record would be expunged. According to G's counsel, G had been "innocent of the crime [of counterfeiting in 1962, had] participated in it solely as an informant for the Secret Service, and [had been] promised both a pardon and expungement in a binding agreement with the United States if, in order to preserve the undercover nature of his participation, he agreed to be convicted." G further maintains that all the federal agents and attorneys who could verify his claims are now dead. Moreover, because the government destroys its files in criminal cases after 20 years have elapsed, there are no longer any documents that can verify or refute G's claims.

After G's counsel contacted the district court, it scheduled a status conference concerning G's expunction request, which G, his counsel, and an Assistant U.S. Attorney attended. The government took the position that G should be required to make "a sworn declaration setting forth in detail the basis for his claim." G objected to disclosing any information on the record, claiming that "he might still be seriously endangered" if any information were made public. G instead offered to address the district court off the record, or to rely simply upon his own "good record" as sufficient justification for the expunction.

The transcript of the status conference does not indicate that the district court heard any statement from G. There is no indication that the district court attempted to have G testify in an *in camera* proceeding, or that it requested him to make a sworn declaration that it could review *in camera*. However, at oral argument before this court, G's counsel stated in no uncertain terms that information *was* provided to the district court judge concerning the particulars of G's expunction request and his reasons for believing that secrecy was necessary.

After briefly questioning the government's attorney about the United States' reasons for opposing G's expunction request, the district court announced at the status conference that it would grant G's request. The court subsequently issued a written order requiring the expunction of all district court records relating to G's indictment and conviction, and requiring the sealing of all records of G's arrest, conviction, and pardon in the possession of the FBI and Department of Justice. It is this order from which the United States appeals.

■ This court has jurisdiction over the United States' appeal under either 28 U.S.C. § 1291 or 18 U.S.C. § 3731. Although the district court did not specifically indicate its basis for exercising jurisdiction in its expunction order, to the extent that the district court's order constituted an injunction against the United States and its agencies, the order was a "final decision" and was therefore appealable to this court under 28 U.S.C. § 1291. *See* 28 U.S.C. § 1291 (1982). To the extent that the district court's expunction order was

merely a continuation of G's twenty-year-old criminal action, this court has jurisdiction over the United States' appeal under 18 U.S.C. § 3731, the Federal Criminal Appeals Act. *United States v. Hetrick*, 644 F.2d 752, 755 & n. 3 (9th Cir.1981); *United States v. Dior*, 671 F.2d 351, 355 (9th Cir. 1982); *see United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568, 97 S.Ct. 1349, 1352, 51 L.Ed.2d 642 (1977).

■ However, from the record before us, it is impossible to review the district court's decision, or even to determine whether or on what basis the district court had jurisdiction or authority to grant G's expunction request.[2] There are no facts in the record concerning either the legal basis for G's claim or his personal reasons for needing his record to be expunged. Moreover, the district court's terse order granting expunction provides no information whatsoever concerning its basis of jurisdiction, the standards it applied, or its reasons for granting G's request.

Thus, on the record before us, we are unable to rule on the government's claim that the district court lacked jurisdiction. This court and others have ruled that courts may order expunction in cases where there has been an unlawful arrest, where an arrest has been made merely for harassment purposes, or where the statute under which an individual was prosecuted has subsequently been determined to be unconstitutional, as part of their broad equitable powers to fashion remedies for deprivations of constitutional rights. *See, e.g., Maurer v. Los Angeles County Sheriff's Department*, 691 F.2d 434, 437 (9th Cir. 1982); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir.1978); *Menard v. Saxbe*, 498 F.2d 1017, 1023 (D.C.Cir.1974); *Paton v. La-Prade*, 524 F.2d 862, 866–69 (3d Cir.1975); *Severson v. Duff*, 322 F.Supp. 4, 10 (M.D. Fla.1970); *Kowall v. United States*, 53 F.R.D. 211, 212–216 (W.D.Mich.1971). Moreover, courts have jurisdiction and authority to order individuals' criminal records to be expunged in certain situations expressly provided by statute. *See, e.g., United States v. Doe*, 730 F.2d 1529, 1530–31 (D.C.Cir.1984) (applying the Federal Youth Corrections Act's "set-aside" provision for convictions, 18 U.S.C. § 5021(b)); *Doe v. Webster*, 606 F.2d 1226, 1232–33 (D.C.Cir.1979) (applying 18 U.S.C. § 5021(b)); *see also* 21 U.S.C. § 844(b)(2) (authorizing expunction of records relating to arrest and conviction of individuals under 21 years of age for simple possession of a controlled substance). However, it is not clear from the record whether the district court found there to be a constitutional or statutory basis for its order in this case.

Some courts have ordered expunction of individuals' records as part of their "ancillary jurisdiction" over those individuals' original criminal actions. *See, e.g., United States v. Schnitzer*, 567 F.2d 536, 538 (2d Cir.1977), *cert. denied*, 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978); *Morrow v. District of Columbia*, 417 F.2d 728, 740 (D.C.Cir.1969); *see also United States v. Linn*, 513 F.2d 925, 927 (10th Cir.), *cert. denied*, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975). Other courts have asserted that they have "inherent power" to expunge criminal records when necessary to vindicate an individual's "substantial rights." *See, e.g., Menard v. Saxbe*, 498 F.2d 1017, 1023 (D.C.Cir.1974); *United States v. McMains*, 540 F.2d 387, 389 (8th Cir.1976); *Natwig v. Webster*, 562 F.Supp. 225, 227 (D.R.I.1983); *United States v. Bohr*, 406 F.Supp. 1218, 1219 (E.D.Wisc. 1976); *see also Allen v. Webster*, 742 F.2d 153, 154–55 (4th Cir.1984); *Diamond v. United States*, 649 F.2d 496, 497–98 (7th Cir.1981). Since the district court did not rely explicitly upon either "ancillary jurisdiction" or its "inherent power" in granting G's request, we need not decide whether either of these rationales provides a basis for expunction.

Even assuming that the district court had jurisdiction to grant G's expunction request, we cannot tell what standards the

---

**2.** At oral argument, G's counsel argued to this court that it should simply defer to the decision of the district court judge, and essentially accept on faith his conclusions about G and the validity of G's request. We cannot accept this contention.

district court applied in evaluating G's request or upon what facts it based its decision. We recognize that G's counsel represented to the district court that any public testimony by his client might jeopardize G's safety. However, the district court could have protected G by taking his testimony *in camera* and preparing a sealed record for this court to review. *See Diamond v. United States*, 649 F.2d 496, 499 (7th Cir.1981) (when ruling on expunction requests, it "behooves the district court to develop a complete factual record"). To the extent that such information was provided off the record to the district court judge, as G's counsel indicated during oral argument, this procedure was irregular and inappropriate, and it has frustrated this court's ability to review the district court's order.

Because the district court has not provided any reasons for its decision and has not provided a sufficient factual record for analysis on appeal, we vacate its order.[3]

ORDER VACATED.

---

**3.** We vacate without prejudice to the filing of a new request for expunction or sealing.