UNITED STATES of America,
Plaintiff–Appellee,

v.

Brian Alan SWEENEY,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Christopher KNIGHT,
Defendant–Appellant.

Nos. 89–10418, 89–15988.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 1990.

Decided Sept. 17, 1990.

Stephen Mensel, Asst. Federal Public Defender, Fresno, Cal., for defendants-appellants.

Carl M. Faller, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before CHAMBERS and FLETCHER, Circuit Judges, and KELLEHER,* District Judge.

FLETCHER, Circuit Judge:

Brian Alan Sweeney and Christopher Knight appeal the district court's grant of writs of mandamus to the United States. The district court directed the magistrate who sentenced the defendants on charges of driving under the influence (DUI) to vacate his orders prohibiting the United States Attorney's Office and the Clerk's Office from reporting appellants' convictions to the California Department of Motor Vehicles (DMV). We affirm.[1]

## FACTS

On July 2, 1988, a United States Park Service Ranger issued Knight citations in Yosemite National Park for operating a motor vehicle under the influence of alcohol "to a degree that renders the operator incapable of safe operation," 36 C.F.R. § 4.23(a)(1), (2), and for speeding, 36 C.F.R. § 4.21(b). On September 13, 1988, a ranger issued Sweeney citations in Yosemite for operating a motor vehicle with a blood alcohol level of over .10%, 36 C.F.R. § 4.23(a)(2), and for unsafe operation of a motor vehicle, 36 C.F.R. § 4.22(b)(1). Knight pleaded guilty to violating subsection 4.23(a)(1) and Sweeney to violating subsection 4.23(a)(2); the other charges against each were dismissed. The magistrate sentenced each to one year unsupervised probation and a fine, and Knight, additionally, to a $25 special assessment.

This was each defendant's first DUI conviction, and both requested that the magistrate order the government not to report their convictions to the California DMV. Sweeney understandably thought that reporting the conviction would jeopardize his chance to get a California Class 1 driver's license. Although the government insisted that the convictions should be reported, the magistrate complied with the defendants' requests.

The government appealed in both cases, and alternatively petitioned the district court for a writ of mandamus, seeking vacation of the magistrate's orders not to report the convictions. The district court rejected Knight's and Sweeney's assertion that the U.S. Attorney did not have standing and found that mandamus was the proper means of review. The court issued the writs, finding that the magistrate's orders were clearly erroneous as a matter of law because (1) the United States has no interest in whether a state suspends a driver's license and (2) the magistrate's action impermissibly invaded the executive sphere in interfering with the U.S. Attorney's fulfillment of its duties under 28 U.S.C. § 534. We affirm the district court's judgments but base our decision on different reasoning.[2]

## JURISDICTION

The magistrate had jurisdiction to try the misdemeanor charges under 18 U.S.C. § 3401. The government continues to claim that appeal to the district court, not mandamus, was available to it to challenge the magistrate's orders to the government not to report the DUI convictions. The government did not cross-appeal the defendants' appeal to this court, but we nonetheless must consider the issue because it is jurisdictional.

■ A magistrate's decision or order may be appealed to the district court if the same decision or order made by a district court could be appealed. 18 U.S.C. § 3402; Rule of Procedure for the Trial of Misdemeanors Before United States Magistrates 7(a). Under 18 U.S.C. § 3731, the government may appeal a district court's order

---

* Hon. Robert J. Kelleher, Senior District Judge for the Central District of California, sitting by designation.

1. The cases were submitted separately but argued on the same day and present the same issue. We therefore have decided them both in one opinion.

2. The district court did not resolve the government's claim that the magistrate's order violates the first amendment right of individuals within the U.S. Attorney's Office to disseminate the conviction records. Neither will we address that claim because we affirm on other grounds.

dismissing a criminal prosecution, granting a new trial, or suppressing evidence, except where such an appeal would violate the double jeopardy clause, or releasing a charged or convicted defendant.[3] Although section 3731 does not explicitly permit government appeal of an order such as the ones in these cases, government appeals are not restricted to section 3731's specific categories. *United States v. Hetrick,* 644 F.2d 752, 755 (9th Cir.1980). In *United States v. Wilson,* 420 U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1980), the Supreme Court held that "the constitutional protection against Government appeals attaches only where there is a danger of subjecting the defendant to a second trial for the same offense." The Court determined that in passing section 3731, "Congress intended to remove all statutory barriers to Government appeals" except those prohibited by the Constitution. *Id.* at 337, 95 S.Ct. at 1019; *see also United States v. Jacobs,* 855 F.2d 652, 654 (9th Cir.1988) (section 3731 provides jurisdiction over government appeals in criminal cases except where the double jeopardy clause bars further prosecution).

In *United States v. G,* 774 F.2d 1392 (9th Cir.1985), we exercised jurisdiction under section 3731 in a case resembling these cases. G pleaded guilty to counterfeiting charges in 1962. In 1972, the President pardoned him. In 1983, G's attorney contacted the government attorney and the United States District Court where G had been convicted and claimed that the government had not complied with its 1962 binding agreement with G that G's criminal record would be expunged. According to G, he had committed and agreed to be convicted of the counterfeiting charges as part of undercover work for the Secret Service. After a status conference in chambers, the district court ordered G's record expunged. We held that we had jurisdiction of the appeal under section 3731 "to the extent that the ... order was

merely a continuation of G's twenty-year-old criminal action." *Id.* at 1393–94.[4]

The magistrate in this case issued his orders when sentencing the defendants, not twenty years later. There is no doubt here that the challenged orders were part of the criminal action. As we note later in this opinion, an expunction order is similar to an order not to report a conviction. Like the order in *United States v. G,* the magistrate's orders not to report the DUI convictions are part of the criminal cases against the defendants and will put neither defendant in jeopardy a second time. We agree with the government that the district court should have exercised appellate jurisdiction in these cases under section 3731 rather than mandamus jurisdiction.

Although the district court considered the cases on a different jurisdictional footing, we may still review its substantive rulings. The issue is the same before both courts, and the standard under which the district court granted mandamus is even more exacting than the *de novo* standard for our review on appeal. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.1984) (en banc) (issues of law reviewed *de novo* ). The district court's decision thus would not change on the different jurisdictional basis. We have jurisdiction of the appeal under 28 U.S.C. § 1291.

## DISCUSSION

### I. STANDING

 Appellants argue that the U.S. Attorney does not have standing to maintain the appeals. They compare these cases to *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), in which the Supreme Court denied standing to a defendant seeking injunctive relief against the police department practice of using choke holds. The Supreme Court found that Lyons had failed to show a real and immediate danger that he would again be subjected to a choke hold. Appellants

---

**3.** The government may appeal a final sentence under 18 U.S.C. § 3742. The magistrate's order not to report the convictions is not properly considered part of the defendants' sentences.

**4.** We also held that we had jurisdiction under 28 U.S.C. § 1291 "to the extent that ... the order constituted an injunction against the United States and its agencies." *Id.* at 1393.

assert that the U.S. Attorney's Office has not shown that it makes a practice of reporting convictions to the DMV although it claims that 28 U.S.C. § 534 requires that it report them. This argument is frivolous. The U.S. Attorney's Office has standing to object to orders specifically directing it to take or refrain from taking action.

## II. THE MERITS

### A. *Probation Condition*

■ Knight and Sweeney first argue that the magistrate had authority to prohibit the Clerk and the U.S. Attorney from reporting the DUI convictions because the magistrate's orders are legitimate conditions of probation. In both defendants' cases, the order was typed on the Judgment form in the "additional probation conditions" section. A duty imposed on someone other than the defendants is not, however, a condition of probation. All of the mandatory and discretionary probation conditions listed in 18 U.S.C. § 3563, governing probation conditions, impose conditions on defendants and none on a third party. Conditions on third parties would make the defendants' probation depend on matters out of their control. In this case, for example, the defendants' probation theoretically would be violated and they would have to go to jail if the government reported the DUI convictions against the magistrate's order. We cannot accept this view of what may constitute a probation condition. Because the magistrate's orders imposed a duty on the U.S. Attorney and the Clerk, not the defendants, such an order does not set a condition of probation.

### B. *Other Authority*

The district court directed its orders both to the Clerk's Office and the U.S. Attorney's Office.[5] Because the orders affect each Office differently, we address the Of-

fices separately in considering whether the magistrate possesses other authority to issue its orders.

#### 1. Clerk's Office

Based on the parties' representations at oral argument, we understand that the Clerk systematically reports federal DUI convictions of California drivers to the California DMV.[6] Based on such a report, the DMV will suspend the driver's license and/or require the driver to attend driving school. The magistrate's orders would prevent the Clerk from following the Office's ordinary procedure of reporting the convictions.

■ A magistrate's powers in criminal cases are conferred by 28 U.S.C. § 636(a)–(b). Pertinent to this case, magistrates have the authority given courts in the Rules of Criminal Procedure and must conduct trials according to the provisions of 18 U.S.C. § 3401. None of these sources provides authority for the magistrate to impose conditions unrelated to the sentence on third parties as part of a criminal judgment. The sources of the magistrate's power also grant no authority to direct the Clerk not to report a conviction to California authorities or anyone else entitled to the information. The Clerk's duties are those assigned by the district court. 28 U.S.C. § 956. The magistrate cannot prohibit the performance of those duties.

#### 2. U.S. Attorney's Office

■ The U.S. Attorney's Office does not report DUI convictions systematically. The U.S. Attorney claims rather that the magistrate's orders prevent the Justice Department from fulfilling a different duty, imposed on it by 28 U.S.C. § 534, to collect criminal records data and make it available to law enforcement agencies throughout

---

**5.** In Knight's case, the order read, "The Court orders [the DUI conviction] NOT REPORTED TO THE D.M.V. by either the Clerk's Office or the U.S. Attorney's Office." In Sweeney's case, it read, "IT IS FURTHER ORDERED that this conviction not be reported to the California Department of Motor Vehicles." The parties understood this order to be directed to the

Clerk's and U.S. Attorney's Offices. *See, e.g.,* Petition for a Writ of Mandamus, *United States v. Sweeney,* No. 89–30 REC, at 2 (E.D.Cal. June 21, 1989); Sweeney's Opening Brief at 2, 3.

**6.** The parties have not explained under what arrangement this reporting occurs.

the country. The portion of section 534(a) pertinent to these cases states, "The Attorney General shall—(1) acquire, collect, classify, and preserve identification, criminal identification, crime, and other records; ... [and] (4) exchange such records and information with, and for the official use of, authorized officials of the Federal Government, the States, cities, and penal and other institutions." The rest of the subsection requires collection of information on unidentified deceased persons and on missing persons (aimed particularly at efforts to find missing children). The statute's purpose is to coordinate information—to provide a central location for information to make identification of persons responsible for crimes, the deceased, and missing persons easier. *See Reporters Comm. for Freedom of the Press v. United States Dep't of Justice,* 816 F.2d 730, 735 n. 6 (D.C.Cir.1987); *Hammons v. Scott,* 423 F.Supp. 625, 628 (N.D.Cal.1976); *Menard v. Mitchell,* 328 F.Supp. 718, 726 (D.D.C. 1971), *aff'd & rev'd on other grounds sub nom. Menard v. Saxbe,* 498 F.2d 1017, 1021 (D.C.Cir.1974). Preventing the Justice Department from reporting a conviction may keep it from fulfilling its duty to exchange information with authorized officials of other jurisdictions.

We know of no circumstances in which the Justice Department withholds information concerning convictions from other law enforcement agencies unless the records have been expunged (destroyed or sealed). The orders that the U.S. Attorney not report the DUI convictions become permanent if the appellants complete their probations satisfactorily. The prohibition on reporting thus will have, temporarily and perhaps permanently, the same effect as expungement. The kinds of circumstances under which expungement occurs and the types of inquiries courts undertake in determining whether to expunge are a fitting guide to the efficacy of the orders entered in these cases.

Although there is no statutory authority for expungement, courts have balanced case-by-case the individual's need for privacy against the government's need for the records for effective law enforcement.

*See, e.g., United States v. Schnitzer,* 567 F.2d 536, 539 (2d Cir.1977); *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.1975). Courts have found that arrest or conviction records in the FBI databank cannot be expunged absent extreme circumstances, "where the maintenance of such records would be fundamentally unfair, such as where the arrest was illegal or the product of harassment." *Hammons v. Scott,* 423 F.Supp. 618, 620 n. 2 (N.D.Cal.1976). In *Doe v. Webster,* 606 F.2d 1226 (D.C.Cir. 1979), the court stated,

> While the decision to expunge an arrest record depends on the facts and circumstances of the case, there must be a logical relationship between the injury and the requested remedy. The general rule which emerges from the cases is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest.

*Id.* at 1231 (footnotes omitted); *see also Menard,* 498 F.2d at 1023 ("expungement ... exists to vindicate substantial rights"). Courts have ordered expungement, for example, in cases of harassment of civil rights workers, police misuse of records producing harm to the complaining party, or arrest based on an unconstitutional statute. *See United States v. Friesen,* 853 F.2d 816, 817 (10th Cir.1988); *Allen v. Webster,* 742 F.2d 153, 155 (4th Cir.1984); *Schnitzer,* 567 F.2d at 540; *Menard,* 498 F.2d at 1023.

■ Even were expungement within the powers of the magistrate, which we doubt, no government misconduct or unconstitutionality, statutory or otherwise, has been alleged. Expungements are ordered only after a hearing and presentation and consideration of all facts necessary to balance the individual's need for privacy against the government's need to keep criminal records and disseminate information from those records for law enforcement purposes. No such proceedings have been undertaken in these cases. The expungement

case law demonstrates the strong federal interest weighing against orders such as those entered by the magistrate, especially without engaging in the procedures necessary to ensure a well-informed decision. The magistrate erred in prohibiting the U.S. Attorney from reporting the DUI conviction.

### CONCLUSION

We affirm the district court's judgments requiring the magistrate to vacate his orders to the extent that they direct the U.S. Attorney and Clerk not to report the DUI convictions of Sweeney and Knight.

AFFIRMED.