**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Merrill HALL, Defendant–
Appellant.**

**No. 02–10662.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 24, 2004.

United States Attorney, USTU—Office of the U.S. Attorney, Evo A. Deconcini, Tucson, AZ, for Plaintiff–Appellee.

William B. Portis, Jr., Esq., Huston, TX, for Defendant–Appellant.

Before: REINHARDT, THOMPSON, and BERZON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

The parties are familiar with the facts and procedural history of this case, and thus we include them only to the extent necessary to explain our decision.

Hall timely filed his motion for rehearing (treated by the district court as a motion for reconsideration) on August 28, 2002. Hall's time for appeal was therefore extended, so long as he filed his notice of appeal within 10 days following the order denying his motion for reconsideration, which order was filed September 4, 2002. Hall therefore had until September 14 to file his notice of appeal. He did not file it until October 4, 2002.

Federal Rule of Appellate Procedure 4(b)(4) permits extension of the time for filing a notice of appeal if it is filed within 30 days after the expiration of the usual filing period and the party can demonstrate "excusable neglect or good cause." Fed. R.App. P. 4(b)(4). Hall filed his notice within that 30–day period.

Hall wrote in his notice of appeal from the "Judgment" denying his motion for reconsideration that "The deadline for filing the notice of appeal is September 30, 2002." It is apparent that he believed he had 30 days to file his notice pursuant to Rule 4(a) governing civil cases, rather than 10 days pursuant to Rule 4(b) governing criminal cases. *Compare* Fed. R.App. P. 4(a)(1)(A), *with* Fed. R.App. P. 4(b)(1)(A). This is not surprising in that the district court clerk's office titled the order denying Hall's motion for reconsideration "Judgment in a Civil Case." It appears most likely this actively misled Hall into believing that the rule governing civil cases applied, even though the expunction proceeding was a criminal proceeding. *See United States v. Sweeney,* 914 F.2d 1260, 1262 (9th

Cir.1990); *United States v. G.,* 774 F.2d 1392, 1393–94 (9th Cir.1985).

Accordingly, we vacate the district court's judgment and remand to that court for a determination, consistent with the views expressed herein and with those we recently expressed in *Pincay v. Andrews,* 389 F.3d 853 (9th Cir.2004) (en banc), whether there was excusable neglect or good cause for Hall's untimely filing of his notice of appeal.

VACATED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.