**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30309 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00476-MO-1 |
| v. | |
| ED NEEDLES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 31, 2012[**]

Before: FISHER, PAEZ and CLIFTON, Circuit Judges.

Ed Needles appeals the order of the district court revoking his probation.

We have jurisdiction under 28 U.S.C. § 1291, we review for an abuse of discretion

and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**1.** Needles' argument that he was not in violation of the terms of his probation because he had an approved plan of operation constitutes an impermissible collateral attack on his conviction. *See United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987) ("[A]n appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction."). We therefore decline to entertain this argument.

**2.** The condition of probation requiring Needles to remove all property from Forest Service lands within 30 days was not impermissibly vague. The record shows that the condition applied to all property owned by Needles and his partners, and that he was aware of the full scope of the condition. The condition was sufficiently specific. *See* 18 U.S.C. § 3563(d); *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (per curiam).

**3.** We also reject Needles' argument that he was required to remove property that he neither owned nor controlled. First, although Needles asserts that the property belonged to Arthur Sappington, he has not presented any admissible evidence to that effect. He instead relies on hearsay statements by his attorney. Second, even if the property was "owned" by Sappington, Needles has not presented any evidence that he lacked authority to remove it. Finally, the district

court did not impose a duty on third parties; *United States v. Sweeney*, 914 F.2d 1260, 1263 (9th Cir. 1990), is therefore inapplicable.

**AFFIRMED.**